TOWN OF WALPOLE *vs.* SECRETARY OF THE EXECUTIVE OFFICE
OF ENVIRONMENTAL AFFAIRS & another.[1]

Norfolk. March 8, 1989. — May 15, 1989.

Present: WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Environment*, Environmental impact report. *Secretary of Environmental Affairs. Administrative Law*, Agency, Judicial review. *Jurisdiction*, Judicial review of administrative action, Damage to the environment. *Practice, Civil*, Declaratory proceeding, Relief in the nature of certiorari. *Declaratory Relief.*

General Laws c. 30, § 62H, a provision of the Massachusetts Environmental Policy Act, did not confer jurisdiction on the Superior Court to hear a town's claim challenging a determination by the Secretary of the Executive Office of Environmental Affairs that certain interim reports prepared by the Massachusetts Water Resources Authority identifying potential sites for permanent sludge management activities complied with the Act. [70] ABRAMS, J., concurring.

The Superior Court lacked jurisdiction under G.L. c. 214, § 7A, to hear a town's claim against the Secretary of the Executive Office of Environmental Affairs based on his actions taken as administrator of the Massachusetts Environmental Policy Act, G.L. c. 30, §§ 61-62H; moreover, where the town's complaint failed adequately to allege that "destruction, damage or impairment, actual or probable, to any of the natural resources of the [C]ommonwealth" was "occurring" or "about to occur," G.L. c. 214, § 7A, provided no basis to support a claim against the Massachusetts Water Resources Authority as the proponent of a certain project. [70-71]

A town acted prematurely in seeking a declaratory judgment as to the validity of a determination by the Secretary of the Executive Office of Environmental Affairs that certain interim reports prepared by the Massachusetts Water Resources Authority in connection with a certain proposed project were in compliance with the Massachusetts Environmental Policy Act, where the town had failed to exhaust its administrative remedies. [71-72]

Relief in the nature of certiorari under G.L. c. 249, § 4, was not available to a town challenging a discretionary determination of the Secretary of the Executive Office of Environmental Affairs that interim reports prepared

---

[1] Massachusetts Water Resources Authority.

by the Massachusetts Water Resources Authority for a certain project were in compliance with the Massachusetts Environmental Policy Act. [72-73]

CIVIL ACTION commenced in the Superior Court Department on January 29, 1988.

A motion to dismiss was heard by *William H. Welch*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John W. Giorgio* for the plaintiff.

*Janet G. McCabe*, Assistant Attorney General, for the defendants.

O'CONNOR, J. The plaintiff, the town of Walpole (town), filed a complaint in the Superior Court on January 29, 1988, seeking review of a determination by the defendant Secretary of the Executive Office of Environmental Affairs (secretary) that reports filed by the defendant Massachusetts Water Resources Authority (authority) "adequately and properly complied" with the Massachusetts Environmental Policy Act (MEPA), G. L. c. 30, §§ 61-62H (1986 ed.), and its implementing regulations. The defendants filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (1) and (b) (6), 365 Mass. 754 (1974). A judge in the Superior Court granted that motion, concluding that the "suit is premature and does not give a ground for court action at this time." The town appealed, and we transferred the case to this court on our own initiative. We now affirm.

The complaint makes the following allegations. The authority is in the process of planning for the construction of facilities to be used in the collecting, transporting, processing, and disposing of residual materials from the authority's wastewater treatment plants. This project is called the residuals management facilities project (project). The authority submitted to the secretary an environmental notification form concerning the project. At the request of the authority, the secretary issued a certificate declaring the project to be a "major and complicated" one pursuant to the regulations now codified at 301 Code Mass. Regs. § 11.12 (1986). The secretary also issued a certificate

pursuant to G. L. c. 30, § 62A, and 301 Code Mass. Regs. § 11.12, establishing a special procedure for evaluating and reviewing the project. This special procedure called for the authority to issue a series of interim reports addressing the nature of the residuals to be treated, evaluating the technologies available for treating residuals, and analyzing potential sites for the project. These interim reports eventually would culminate in a final option analysis report which would also serve as the final environmental impact report required under MEPA.

The complaint continues: On August 20, 1987, the authority issued two of the required interim reports. One of these, a two-volume site screening analysis report, developed criteria for analyzing potential sites, and then evaluated 299 potential sites within the authority's service area according to those criteria. The other, the draft report on candidate options identification (draft COI report), identified twelve locations within the authority's service area as potential sites for permanent sludge management activities. Three of these potential sites were within the town. The town filed comments with the secretary alleging deficiencies in the draft COI report. On December 2, the secretary issued the certificate which prompted this action, finding that the site screening analysis report and the draft COI report, "adequately and properly comply" with MEPA and its implementing regulations.

The town sought judicial relief in the form of a declaration that the secretary's certification was improper because it was contrary to MEPA, the regulations implementing MEPA, and the special procedure established by the secretary. The town also sought preliminary and permanent injunctions preventing the authority and the secretary from proceeding with the project until they publish reports complying with MEPA, the regulations implementing MEPA, and the special procedures, and preventing the further consideration of any location in the town as a site for a residuals management facility. The town asserts four different jurisdictional bases for its action. Count 1 purports to challenge the secretary's certification of the draft COI report under G. L. c. 30, § 62H. Count 2 alleges that the secretary's action is "about to cause damage to the environ-

ment," in violation of G. L. c. 214, § 7A (1986 ed.). Count 3 seeks declaratory relief under G. L. c. 231A (1986 ed.). Count 4 alleges an action in the nature of certiorari brought under G. L. c. 249, § 4 (1986 ed.).

The judge properly dismissed the first count of the complaint. As we determined in *Cummings* v. *Secretary of the Executive Office of Envtl. Affairs*, 402 Mass. 611, 613 (1988), G. L. c. 30, "[§ ] 62H, does not purport to grant jurisdiction. . . . It is essentially a statute of limitations." The town attempts to distinguish *Cummings*, which involved a challenge to the secretary's determination that a project did not require an environmental impact report, from the case at hand, which the town characterizes as a challenge to a "scoping decision" by the secretary in which he designates the alternatives to be studied in a project where an environmental impact report is required. Even if we accept the town's characterization of this case, we find no basis for distinguishing *Cummings*. Our conclusion in that case, which we reaffirm today, was that § 62H does not confer jurisdiction on the Superior Court in any circumstances.

It was also proper for the judge to dismiss the second count of the complaint, which alleged jurisdiction under G. L. c. 214, § 7A. That statute provides in relevant part as follows: "The superior court for the county in which damage to the environment is occurring or is about to occur may, upon a civil action in which equitable or declaratory relief is sought . . . by any political subdivision of the commonwealth, determine whether such damage is occurring or is about to occur and may, before the final determination of the action, restrain the person causing or about to cause such damage; provided, however, that the damage caused or about to be caused by such person constitutes a violation of a statute, ordinance, by-law or regulation the major purpose of which is to prevent or minimize damage to the environment." The town alleges that the secretary's approval of the draft COI report violates MEPA and regulations promulgated pursuant thereto. As we recognized in *Cummings, supra,* even an allegation of a procedural violation of MEPA or a regulation promulgated pursuant to MEPA may qualify "as a claim that 'damage to the environment is occurring or

405 Mass. 67                                    71

Walpole *v.* Secretary of the Executive Office of Environmental Affairs.

is about to occur' " for purposes of an action brought under c. 214, § 7A. *Id.* at 614-615. However, as we also noted in *Cummings*, in the MEPA context, "the Legislature contemplated only the agency or authority or private person proposing a project, and not the public official who administers the statutory scheme, as 'the person causing or about to cause' environmental damage. See *Warren* v. *Hazardous Waste Facility Site Safety Council*, 392 Mass. 107, 118 (1984)." *Id.* at 616. We therefore held that the Superior Court lacked jurisdiction to hear an action brought under c. 214, § 7A, against the secretary for actions taken as the administrator of MEPA. Likewise, the Superior Court lacks jurisdiction in this case to hear the town's claim against the secretary under c. 214, § 7A.

The town argues that, even if c. 214, § 7A, does not provide a basis for jurisdiction over the secretary, it still would support a claim against the authority as the project proponent. But the court had no authority to grant relief under this statute unless it were provable under the complaint "that damage to the environment was either occurring or was 'about to occur.' " *Warren* v. *Hazardous Waste Facility Site Safety Council*, 392 Mass. 107, 118 (1984). See *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 214-216 (1977). The only harm that the town alleged in its complaint is the "substantial expense" of hiring consultants to help it participate in environmental impact studies. The town argues in its brief that the authority's entry onto the town sites to perform tests has resulted and will continue to result in adverse environmental impacts. However, it fails to specify the nature of those impacts. We note that "insignificant destruction, damage or impairment" to the environment would not support an action under c. 214, § 7A, first par. The town's complaint failed adequately to allege that "destruction, damage or impairment, actual or probable, to any of the natural resources of the commonwealth" was "occurring" or "about to occur." G. L. c. 214, § 7A.

The town's request for a declaratory judgment under G. L. c. 231A was also not properly before the Superior Court because the town has failed to exhaust its administrative remedies

before seeking judicial relief. *Wilczewski* v. *Commissioner of the Dep't of Envtl. Quality Eng'g*, 404 Mass. 787 (1989). *Gill* v. *Board of Registration of Psychologists*, 399 Mass. 724, 729 (1987). *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 450 (1973). The secretary's certification that the draft COI report complied with MEPA and with his regulations was merely one interim step in a lengthy process of administrative review.

The town contends that, "at this point in the process," it "has exhausted all administrative efforts to convince the Secretary that he should consider a different scope of alternatives" for siting a residuals management facility. But at this point in the planning process, it is also entirely a matter for speculation whether the authority will ultimately decide actually to locate a facility in the town. A declaratory judgment action is premature until the secretary has concluded the administrative process by taking final action, such as by certifying the adequacy of the final environmental impact report for the project. See G. L. c. 30, § 62C, fourth par.; 301 Code Mass. Regs. § 11.09 (1986); 301 Code Mass. Regs. § 11.10 (2) (1986). Allowing the completion of the administrative process before permitting judicial review gives the secretary "a full and fair opportunity to apply [his] expertise to the statutory scheme which, by law, [he] has the primary responsibility of enforcing." *Assuncao's Case*, 372 Mass. 6, 8 (1977). *Wilczewski* v. *Commissioner of the Dep't of Envtl. Quality Eng'g*, *supra* at 792.

Finally, we agree with the judge that an action in the nature of certiorari under G. L. c. 249, § 4, was unavailable to the town. "[T]he requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 79, 83 (1968). See *Warren* v. *Hazardous Waste Facility Site Safety Council*, *supra* at 112-113. The authority's decision to narrow the focus of its planning to twelve sites and the secretary's approval of that decision were neither judicial nor quasi-judicial. See *id.* at 117 (agency's determination that a proposed hazardous waste

facility was "feasible and deserving of state assistance" was not "judicial or quasi-judicial"). The actions were "discretionary and require[d] no hearing," and therefore were not reviewable on a writ of certiorari. *First Church of Christ, Scientist*, v. *Alcoholic Beverages Control Comm'n*, 349 Mass. 273, 274-275 (1965).

For all the above reasons, the judge properly dismissed the town's complaint.

*Judgment affirmed.*

ABRAMS, J. (concurring). On the issue of jurisdiction, I adhere to the views expressed in my dissent in *Cummings* v. *Secretary of the Executive Office of Envtl. Affairs*, 402 Mass. 611, 619-629 (1988). Accepting the fact that my views on jurisdiction did not prevail, I concur in this opinion.