BOSTON INVESTMENTS LIMITED & others[1] *vs.* SECRETARY
OF ENVIRONMENTAL AFFAIRS & others.[2]

No. 92-P-322.

Suffolk. June 3, 1993. - September 29, 1993.

Present: DREBEN, KASS, & GILLERMAN, JJ.

*Jurisdiction,* Damage to the environment. *Secretary of Environmental Affairs. Environment,* Environmental impact report.

A complaint alleging that the environmental impact report submitted by the proponents of a commercial redevelopment project did not conform to the disclosure requirements of G. L. c. 30, § 62B, and that the proposed project would cause noise and air pollution was sufficient to confer subject matter jurisdiction on the Superior Court under G. L. c. 214, § 7A. [395-396]

The Secretary of Environmental Affairs was not a necessary defendant in an action under G. L. c. 214, § 7A, challenging the sufficiency of the environmental impact report submitted by the proponents of a commercial redevelopment project. [396-397]

CIVIL ACTION commenced in the Superior Court Department on February 20, 1990.

Motions to dismiss were heard by *Margot Botsford,* J., and *Patrick J. King,* J. Entry of judgment was ordered by *King,* J.

*Jessica Block* for the plaintiffs.

*John Kenneth Felter* for The Prudential Insurance Company of America & another.

*Mary B. Griffin,* Assistant Attorney General, for Secretary of Environmental Affairs.

GILLERMAN, J. The defendants, The Prudential Insurance Company of America and The Prudential Property Com-

---

[1]Eleven persons domiciled within the Commonwealth.

[2]The Prudential Insurance Company of America and The Prudential Property Company, Inc.

pany, Inc. (together, Prudential), are the proponents of a substantial redevelopment project of an existing complex of buildings known as the Prudential Center in Boston (the project). The plaintiffs include the owner of an apartment building abutting the project and eleven individual tenants in the apartment building. The focus of the plaintiffs' opposition to the project is a supermarket's four-bay, twenty-four-hour loading dock to be located across the street from the property owned or occupied by the plaintiffs which, the plaintiffs claim, will cause significant damage to the environment. The plaintiffs also contend that Prudential has violated the Massachusetts Environmental Policy Act (MEPA), G. L. c. 30, §§ 61-62H.

1. *Prior proceedings.* After the Secretary of Environmental Affairs (the secretary) approved Prudential's final environmental impact report (FEIR), see G. L. c. 30, § 62B, the plaintiffs brought suit against Prudential and the secretary. Count I alleges jurisdiction under G. L. c. 214, § 7A, inserted by St. 1973, c. 1114, § 62, which grants to the Superior Court the power to enjoin any person causing or about to cause damage to the environment, provided that such damage constitutes "a violation of a statute, ordinance, by-law or regulation the major purpose of which is to prevent or minimize damage to the environment." In support of their claim under § 7A, the plaintiffs allege that Prudential's FEIR failed to contain statements describing all measures being utilized to minimize environmental damage and reasonable alternatives to the proposed project and their environmental consequences, as required by G. L. c. 30, § 62B. Count I also alleges that the secretary violated MEPA by approving, unconditionally, Prudential's FEIR. The relief sought under count I is a permanent injunction against Prudential, enjoining the construction of the loading dock, and mandamus against the secretary requiring revocation of the approval of Prudential's FEIR.

Count II seeks relief in the nature of certiorari under G. L. c. 249, § 4, to the extent that the secretary's actions

are not reviewable under G. L. c. 214, § 7A. Count III, against Prudential only, is a common law nuisance claim.

Prudential moved to dismiss all three counts of the complaint. While this motion was pending, the plaintiffs moved to amend their complaint by adding a count (count IV) for declaratory judgment against the secretary only. The judge allowed the motion to dismiss as to counts II and III but denied the motion to dismiss as to count I. She allowed the motion to amend, but in her memorandum of decision, the judge indicated that, because it appeared that G. L. c. 214, § 7A, does not provide a jurisdictional basis for the plaintiffs' claim against the secretary, citing *Walpole* v. *Secretary of the Executive Office of Envtl. Affairs,* 405 Mass. 67, 71 (1989), it would seem, she wrote, that there was no jurisdiction over the secretary under count IV for declaratory judgment.

Shortly thereafter a motion to dismiss the complaint as against the secretary was filed. In their response to the secretary's motion, the plaintiffs stated that "[i]n light of the recent decisions [of the Superior Court judge] . . . the plaintiffs do not oppose the secretary's motion." The plaintiffs added, however, that their "decision not to oppose the secretary's motion is without prejudice to their claims against Prudential." The secretary's motion to dismiss was then allowed, thereby eliminating count IV from the complaint and limiting count I to a claim against Prudential.[3]

Prudential then filed a motion to dismiss count I of the amended complaint, the only remaining count. The basis for the motion was that, as a result of the dismissal of the secretary from the action, the case could not proceed because of the absence of a necessary party, the secretary. A second judge of the Superior Court allowed the motion on that ground. He concluded that the plaintiffs' only remedy is an

---

[3]The plaintiffs also filed a second amended complaint which substituted certain parties but made no substantive changes to the complaint. The parties have stipulated that Prudential's second motion to dismiss, filed prior to the filing of the second amended complaint, applies to the second amended complaint.

action for common law nuisance, if and when the loading dock is built.

The plaintiffs' motion for reconsideration seeking reinstatement of counts I and IV was denied, and they filed a notice of appeal from the dismissal of the secretary from the case and from the dismissal of each of the four counts in the complaint. We affirm as to counts II, III, and IV, reverse as to count I, and remand the case for further proceedings on count I.

2. *Discussion.* We begin by clearing away unnecessary underbrush. Since we conclude that the Superior Court has jurisdiction over Prudential by reason of G. L. c. 214, § 7A (count I), there is no need to consider count II — a civil action in the nature of certiorari, and the plaintiffs agree. Nor need we discuss count III — a common law nuisance claim which fails because it is based on the *anticipated* operation of the loading dock. See *Dubois* v. *Selectmen of Dartmouth*, 2 Mass. App. Ct. 674, 678-679 (1974), and cases cited. There is no need to consider count IV — declaratory relief against the secretary under G. L. c. 231. See *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs*, 410 Mass. 100 (1991). Counsel acknowledged during oral argument that relief under § 7A would, if allowed, provide an adequate remedy for the plaintiffs.

We turn, then, to the issue arising under count I: may the plaintiffs' claim under G. L. c. 214, § 7A, proceed against Prudential in the absence of the secretary? Prudential argues in its brief that the MEPA violation the plaintiffs seek to remedy "is purely procedural; it concerns only the adequacy of the disclosure and analysis in Prudential's FEIR." Thus the only appropriate remedy would be "limited to remedying alleged deficiencies in the text of Prudential's FEIR." Such a remedy, the argument continues, necessarily requires the action of the secretary, but since the secretary is not a party, and cannot, or should not, be made a party, the § 7A action must fail for lack of a necessary party. In short, says Prudential, an order directed solely at Prudential "would be pointless."

It is settled, as the first judge observed, that, because the secretary is merely the administrator of MEPA and not the proponent of the project, the secretary is not a proper party to proceedings under G. L. c. 214, § 7A. *Walpole* v. *Secretary of the Executive Office of Envtl. Affairs*, 405 Mass. at 71. Thus Prudential's argument comes down to the proposition that alleged defects in the MEPA procedures (see *Villages*, 410 Mass. at 102-103, for a brief description of the process) are beyond the review provided by § 7A because the secretary, who is a necessary party, is not a proper party.

Apart from its Catch-22 character, the argument does not take account of the decided cases. To obtain the equitable relief against Prudential that the plaintiffs seek under G. L. c. 214, § 7A — an injunction preventing Prudential from constructing a loading dock — the plaintiffs must show (i) that Prudential is causing or is about to cause damage to the environment, and (ii) that such damage was a violation of a statute (such as MEPA) whose major purpose is to prevent or minimize damage to the environment. See *Wellfleet* v. *Glaze*, 403 Mass. 79, 83 (1988).

Count I alleges that operation of the loading dock will cause air and noise pollution, allegations which, in our review of the judge's allowance of Prudential's motion to dismiss, we must accept as true. *Barrett* v. *Massachusetts Insurers Insolvency Fund*, 412 Mass. 774, 775 (1992). It is of no consequence that the alleged noise and air pollution do not themselves violate MEPA. In *Boston* v. *Massachusetts Port Authy.*, 364 Mass. 639, 646 (1974),[4] the court noted that alleged air pollution did not constitute the violation of any environmental statute. Rather, the sole statutory violations alleged were "merely procedural failures," including the failure to obtain prior regulatory approvals for the construction of a large parking garage at Logan Airport. The court held· that relief was available "to enforce the procedural as well as the prohibitory provisions of the Department [of Public

---

[4]The *Boston* case construed G. L. c. 214, § 10A, the predecessor of c. 214, § 7A. There is no material difference between the two sections. See St. 1971, c. 732, § 1.

Health's] regulations." *Id.* at 647. The court expressly rejected the argument that § 10A should be given "a narrow, technical interpretation . . . which would limit the operation of the statute to the enforcement of only prohibitory environmental laws and regulations." *Id.* at 646.[5]

In *Cummings* v. *Secretary of Envtl. Affairs*, 402 Mass. 611, 614-615 (1988), the court stated that it continued to subscribe to the principles described in the *Boston* case. In commenting on that case, the court said, "We reasoned that the purpose of MEPA was to protect the environment, and that, therefore, an allegation of a violation of MEPA or a regulation pursuant to MEPA qualified under § 10A [see note 4, *supra*] as a claim that 'damage to the environment is occurring or is about to occur.' " *Id.* at 614.

Here, the allegation that Prudential's FEIR does not conform to the disclosure requirements of G. L. c. 30, § 62B (described above), coupled with the allegation of threatened noise and air pollution, is enough to confer subject matter jurisdiction upon the Superior Court under G. L. c. 214, § 7A. Moreover, in the MEPA context, the Legislature contemplated that the defendant in a § 7A action will be "only the agency or authority or private person proposing a project, and not the public official who administers the statutory

---

[5]Prudential, relying on such cases as *Fortin* v. *Ox-Bow Marina, Inc.*, 408 Mass. 310, 323 (1990), attempts, in part, to escape this reasoning by claiming that the plaintiffs are estopped from arguing that the secretary is not a necessary party to the § 7A proceedings. In the Superior Court the plaintiffs initially argued, in opposition to Prudential's first motion to dismiss, that the secretary was a necessary party to the relief sought by the plaintiffs, namely, mandamus requiring the secretary to revoke approval of Prudential's FEIR. However, the plaintiffs never argued that the secretary was a necessary party for injunctive relief against Prudential. Moreover, the plaintiffs subsequently acceded to the dismissal of the secretary and thereafter argued, consistently with their revised position and in opposition to Prudential's second motion to dismiss which was directed to count I only, that the secretary was not a necessary party. *Fortin* offers no help to Prudential. As that case indicates, a party may be estopped if the party *succeeds* in maintaining a position below and reverses that position on appeal. See *ibid.* Here the plaintiffs' initial position with regard to the secretary failed below, and they wisely abandoned that position both in the Superior Court and in this court.

scheme . . . ." *Cummings*, 402 Mass. at 616. See also *Walpole* v. *Secretary of the Executive Office of Envtl. Affairs*, 405 Mass. at 71. In this case, then, the secretary is precluded from being a defendant in the action described in count I.

There remains the argument that if the plaintiffs prevail in the § 7A action without the secretary as a party defendant, then remedying the alleged deficiencies in Prudential's FEIR will require the secretary to review additional submissions, and the "secretary cannot be required to undertake any such review unless he is a party to this action." It is settled in this Commonwealth that "public officials, including municipal officers, will be assumed to carry out their duty once the law under which they must act has been judicially declared." *Bennett* v. *Assessors of Whitman*, 354 Mass. 239, 241-242 (1968), and cases cited.[6]

3. *Conclusion.* We conclude that the plaintiffs are entitled to proceed in the Superior Court against Prudential under count I of their complaint, and no more. Therefore we affirm the order dismissing the secretary from the proceedings, and we affirm so much of the judgment as dismissed counts II, III, and IV. We reverse the judgment as to count I, and remand the case to the Superior Court for further proceedings.

*So ordered.*

---

[6]In respect of Prudential's claim that the plaintiffs have failed to exhaust their administrative remedies, we need only say that the case comes up on the allowance of a motion to dismiss and, as the final judge noted, there was an adequate showing in this respect to survive the motion.