Brassard, J.
The plaintiffs, ten residents of the City of Malden, bring this action pursuant to M.G.L.c. 214, §7A and M.G.L.c. 231A requesting the court to (1) declare, as a matter of law, that construction of a school on the grounds of Newman Park constitutes damage to the environment, (2) enjoin the defendants from taking any action that permanently alters or adversely impacts Newman Park, (3) order the City of Malden to maintain Newman Park so it does not deteriorate from its present condition, (4) declare the review process by the Department of Education null and void, and (5) order a new review process by the Department of Education.
Presently before the court is the plaintiffs’ request for a preliminary injunction to enjoin construction of a school. After a review of the papers, and after a full hearing, the Court denies the application of the plaintiffs for a preliminary injunction to halt construction of the new school on a portion of Newman Park in Malden.
BACKGROUND
The facts set out in the submissions by the parties are as follows: The City of Malden has commenced the Malden Schools Program (“the Program”), a comprehensive program to improve the Malden Schools in order to address serious problems which include inadequate facilities and de facto racial segregation of the school population in the kindergarten through six grade (“K-6”) level resulting from the present school district arrangement.
The Program calls for phased closing and replacement of all the existing K-6 facilities. In planning this Program, the City of Malden considered school siting issues in conjunction with plans to improve and/or develop park, playground and recreational facilities. In determining locations for all the new schools, Malden had several objectives in mind including (1) geographic distribution so that all students would live within % of a mile of a new school and (2) preference for sites in which adjacent park land could be improved. The proposed location for the Newman Park School calls for construction on a portion of the existing Newman Park site and the plan includes creation of a new 4.35 acre park at the existing Lincoln School site nearby.
The cost of the Program is estimated at $100 million and Malden has submitted applications to the Commonwealth of Massachusetts Department of Education (“DOE”) to fund ninety percent of the cost of the five schools. Financing has been committed for the Roosevelt Park and Beebe schools and financing has been approved and is expected to be committed in August of 1998 for the Newman Park, Linden and Forestdale schools. Once the funds are committed from DOE, construction must commence within one year.
Due to the complexity of the program, the Massachusetts Secretary of Environmental Affairs determined that a full Environmental Impact Report (“EIR”) was required before commencement of construction.[3] On June 2, 1997, the Secretary of Environmental Affairs certified that the Final Environmental Impact Report submitted for the Malden Schools Program “adequately and properly complies with the Massachusetts Environmental Policy Act (G.L.c. 30, §§61-62H) and with its implementing regulations (301 CMR 11.00).” Affidavit of Mayor Howard at Exhibit C. Further this certificate stated the following:
As set forth in my certificate on the Draft EIR, my primary concern with the use of Newman Park as a school site was the threat imposed on the historic integrity of the Frederick Law Olmsted design. Subsequent research done by the City and presented in the Final EIR has revealed that although Olmsted prepared a plan for the park, his design was either not implemented or has been severely altered by subsequent modifications except for the tree plantings on the perimeter of the site. The tree plantings *514 will remain even after implementation of the school project. This information removes the historic issue from the table. Although I acknowledge the concerns of the abutters, and others, with the issue of Newman Park, I find the environmental issues associated with the use of Newman Park are minimal in light of the plan to replace the lost parkland elsewhere.
Affidavit of Mayor Howard at Exhibit C.
Subsequent to approval and receipt of the Certificate from the Secretary of the Executive Office Environmental Affairs, the City of Malden obtained Article 97 authority from the State Legislature to allow the City to use a portion of Newman Park for a new school.
Pursuant to the requirements of M.G.L.c. 149, the City developed a bid proposal. On May 26, 1998, The Granger Company’s bid was selected. June 19, 1998, is the deadline for execution of a contract for the project.
Plaintiffs now request an injunction that would prevent construction of the Newman Park School. They argue that Newman Park has historical significance, that its replacement constitutes a violation of G.L.c. 30, §61, and that this statutory violation entitles them to the injunctive relief they seek pursuant to G.L.c. 214, §7A. The defendants oppose the request for a preliminary injunction. They argue that the plaintiffs have not shown a likelihood of success on the merits of their claim, that Malden will suffer irreparable harm if the preliminary injunction is granted, and that the injunctive relief requested by the plaintiffs is contrary to the public interest.
DISCUSSION
I. The Standard
A preliminary injunction is warranted if the moving party establishes both a likelihood of success on the merits of the claim, and a substantial risk of irreparable harm in the absence of an injunction. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). If these factors are established, the Court must balance them against the harm that the injunction will inflict on the opposing party, including impact on the public interest. See T&D Video, Inc. v. City of Revere, 423 Mass. 577, 580 (1996).
The inquiry should not focus on determining the “raw amount of irreparable harm" each party might suffer, “but rather the risk of such harm in light of the party’s chance of success on the merits.” Packaging Industries Group, Inc. v. Cheney at 617.
The Court has considered carefully the likelihood of success by the plaintiffs on their claims, the balance of harms with respect to all parties, and the public interest with respect to the proposed injunction and concludes that the application for an injunction should be denied.
II. Likelihood of Success
The plaintiffs have not established a likelihood of success on the merits. The plaintiffs argue they are entitled to the injunctive relief they seek pursuant to M.G.L.c. 214, §7A. That statute provides a remedy to ten persons domiciled within the Commonwealth to prevent “damage to the environment.” Specifically, §7A “grants to the Superior Court the power to enjoin any person causing or about to cause damage to the environment, provided that such damage constitutes ‘a violation of a statute, ordinance, by-law or regulation the major purpose of which is to prevent or minimize damage to the environment.’ ” Boston Investments Limited v. Secretary of Environmental Affairs, 35 Mass.App.Ct. 391, 392 (1993), citing to M. G. L. c. 214, §7A. The plaintiffs assert that the statute violated by the City is the Massachusetts Environmental Policy Act, M. G. L. c. 30, §61. That statute requires all agencies of the Commonwealth to review, evaluate, and determine the impact on the environment of all projects conducted by such agencies. The statute further requires that those agencies use all practicable means and measures to minimize damage to the environment.
Plaintiffs take the position that all feasible measures must be undertaken to prevent damage to Newman Park. Plaintiffs further contend that the defendants have violated M.G.L.c. 30, §61 because another site, presently the site of the Lincoln School, is available. However, the statute only requires that all feasible measures be taken to avoid or minimize impact to the environment. In this case, the Secretary of Environmental Affairs, on June 2, 1997, issued a certificate to the effect that the final environmental impact report with respect to the Malden schools project adequately and properly complies with the statute. The certificate also states that the issue of the historic significance of Newman Park was eliminated by the fact that the Olmsted design was either not used or has been significantly altered. In addition, the Secretary found that the environmental impact would be minimal in light of the plan to create another park.
The court concludes that the plaintiffs have not established a likelihood of success on the merits because they failed to pursue their claim through the appropriate appeal mechanism. The plaintiffs could have intervened in the administrative proceedings before the Secretary. G.L.c. 30A, §10A. Further, the plaintiffs pursuant to that section could have appealed the adverse decision by the Secretary. That appeal would be governed by the provisions of the Administrative Procedure Act, and judicial review would, therefore, be confined to a determination of whether the Secretary had abused her discretion and made a decision which was arbitrary and capricious. M.G. L. c. 30A, §14. See also Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989) (the party appealing an administrative *515 decision bears the burden of demonstrating the decision’s invalidity); and Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992) (in reviewing an agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute).
When there has been a plenary administrative proceeding before the Secretary under the Massachusetts Environmental Policy Act, and when no timely appeal of that decision has been made, a later petition pursuant to Section 7A of Chapter 214, even if not barred, must be evaluated under the standards of the Administrative Procedure Act. Here, the plaintiffs have not made a showing that the Secretary abused her discretion or made a decision which was arbitrary and capricious. Rather, plaintiffs offer evidence which demonstrates the strong and heartfelt preference of some residents and local organizations that the park not be altered.
Even if the Massachusetts Environmental Policy Act decision of the Secretary comes before this Court de novo via Section 7A of Chapter 214, this Court concludes that the plaintiffs have not established a likely violation of the Massachusetts Environmental Policy Act. Based upon all of the facts before the Court, the City of Malden has taken all feasible measures to avoid or minimize damage to the environment. The City plans to create a 4.35 acre park in the vicinity of Newman Park. Furthermore, the Secretary found that the City had fulfilled its obligations under MEPA and that the Final EIR addressed all previous concerns in a “comprehensive and straightforward manner."
Accordingly, plaintiffs have not demonstrated a likelihood of success on the merits of their claim that the defendants are about to cause damage to the environment and that the damage is a violation of a statute intended to protect the environment.
III. Irreparable Harm/Public Interest
Although the court denies the application for a preliminary injunction on the ground that plaintiffs have not established a likelihood of success on the merits, the court recognizes that the harms complained of by the plaintiffs are serious, including the loss, at least in part, of a playground that may have been designed by Frederick Law Olmsted. However, after careful consideration of the facts, the court concludes that the potential harms an injunction would cause to the City of Malden are even more serious. These harms include a more expensive contract for the construction of the school at the site in question, delay in the overall program of the City of Malden to construct several new schools, the possible loss of funding in the future from the Commonwealth, and other costs. These potential harms to the City of Malden implicate the public interest.
ORDER
For all the reasons stated above, the application for a preliminary injunction is DENIED.

 In addition to review by the Executive Office of Environmental Affairs, the Program was reviewed and approved by the City of Malden and its School Committee, City Council, Planning Board, Board of Appeal, Conservation Commission, and Historical Commission, as well as the Attorney General’s Office, Inspector General’s Office, the Commonwealth of Massachusetts Probate and Family Court, the Massachusetts Historical Commission, Department of Education, Department of Revenue and the National Park Service.