Salinger, Kenneth W., J.
Plaintiffs oppose the plans by Boston Children’s Hospital to erect a new clinical building on the site of the Prouty Garden, which they and many others value as a quiet sanctuary for Hospital patients and their families. In this lawsuit Plaintiffs ask the Court to enforce the determination of need (“DoN”) law, which requires hospitals and other health care facilities to obtain approval from the Department of Public Health (“DPH”) before making substantial capital expenditures. See G.L.c. Ill, §§25B-25G.
The Court previously denied Plaintiffs’ motion for a preliminary injunction [33 Mass. L. Rptr. 335). It agreed with Plaintiffs that they have standing and are otherwise entitled to seek to enforce the DoN statute, but held that Plaintiffs had not proved they are likely to succeed on their claims that the Hospital has broken the law by starting construction without first obtaining DoN approval.
All four Defendants now move to dismiss this case. The Court will deny part of the Hospital’s motion but allow the rest. The Hospital is not entitled to dismissal of the central claims regarding demolition of the Wolbach Building. Plaintiffs allege facts plausibly suggesting that the Hospital could not legally begin that demolition without first obtaining DoN approval. Whether Plaintiffs can ultimately prove that claim is a question for another day. In contrast, the Court must dismiss the claims against the Hospital concerning three separate renovation projects because there is no plausible claim that they require DoN approval. It must also dismiss the claim that the Hospital failed to give DPH advance notice of ongoing fundraising because Plaintiffs will not be entitled to injunctive or declaratory relief even if they prove that the Hospital did not provide the required notice.
Finally, the Court will dismiss the claims against the Suffolk Construction Company, Turner Construction Company, and the Department of Public Health *491 (“DPH”) because they are not proper parties to this action. The Hospital is the real party in interest; Plaintiffs allege no facts plausibly suggesting that they may obtain relief against the other defendants.
1. Legal Standard
To survive a motion to dismiss under Mass.RCiv.P. 12(b) (6), a complaint must allege facts that, if true, would “plausibly suggest [ ] .. . an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). For the purpose of deciding the pending motion to dismiss, the Court must assume that the factual allegations in the complaint and any reasonable inferences that may be drawn in Plaintiffs’ favor from the facts alleged are true. See Golchin v. Liberty Mut Ins. Co., 460 Mass. 222, 223 (2011). In so doing, however, it must “look beyond the conclusoiy allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief.” Maling v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 473 Mass. 336, 339 (2015), quoting Curtis v. Herb Chambers 1-95, Inc., 458 Mass. 674, 676 (2011).
In deciding the pending motions to dismiss, the Court may consider not only the facts alleged in the body of their complaint or demonstrated in the materials that Plaintiffs attached to their complaint, but may also consider and take judicial notice of other documents that Plaintiffs relied on to frame their complaint or that are matters of public record. See Mella v. Zenhire, Inc., 462 Mass. 164, 166 (2012) (exhibits attached to the complaint); Golchin, 460 Mass. at 224 (documents used in framing complaint); Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) (matters of public record).
2. Claims Against the Hospital 2.1. The Wolbach Building
The Hospital argues that Plaintiffs’ claims regarding the Wolbach Building demolition have no merit because DPH has already determined that this work would have to be done whether or not the proposed new Boston Children’s Clinical Building (which both sides call the “BCCB”) receives DoN approval, and that the demolition may therefore proceed without any DoN review.
But the Plaintiffs allege in their complaint that this assertion is incorrect. The complaint alleges that the Hospital would never demolish the Wolbach Building if it were not permitted to replace it with a new facility that requires DoN approval. This is not a mere con-clusoiy allegation; it is supported by substantive allegations regarding what the Hospital has said about the Wolbach demolition. The Court’s prior ruling that Plaintiffs had not met their burden of proving that this claim is likely to succeed, and thus were not entitled to a preliminary injunction, has no bearing on whether their complaint states a legally sufficient claim.
If Plaintiffs are able to prove that the Wolbach Building is being demolished to make way for the BCCB or some other facilily subject to DoN review, then they may be able to show that the Hospital acted illegally in demolishing Wolbach without first obtaining DoN approval, and thus may be able to obtain declaratory and in-junctive relief against the Hospital. For this reason the claims regarding the Wolbach Building are not subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.
It appears that if the BCCB were disapproved, then the Hospital would have to obtain DoN approval to replace the Wolbach Building with any new facility costing more than $17.8 million, the current dollar threshold for DoN review. The DoN statute would be implicated whether the replacement building contains clinical space or only administrative space, so long as the cost of the new facilily would be reflected in patient care costs and thus recouped from patient care revenues. Compare Town of Brookline v. Medical Area Service Corp., 8 Mass.App.Ct. 243, 253 (1979) (stating in dictum that any new facilily that “would constitute an integral part of the hospital’s plant” is subject to DoN review), with Shoolman v. Health Facilities Appeals Bd., 404 Mass. 33, 38 (1989) (holding that “hotel” floors in new hospital building were not subject to DoN approval because “no cost of the hotel will be reflected in patient care costs”). The Hospital’s assertion that nonclinical hospital space is not subject to the DoN statute is without merit. By statute, hospital facilities to be used only for research are exempt from the DoN statute if they would have no effect on the total dollar amount the hospital charges for services rendered to patients. G.L.c. 111, §25C (a). But Plaintiffs do not allege, and the Hospital has never suggested, that if the BCCB is disapproved then the Hospital would replace Wolbach with a purely research facilily exempt from the DoN process.
The Hospital argues that a “substantial change in services” is only subject to DoN approval if it affects clinical services, because the term is defined by reference to changed offerings and capacities for various clinical services. See G.L.c. Ill, §25B. Assuming that the Hospital’s reading of “substantial change in services” is correct, it is also beside the point. Plaintiffs do not claim that demolition of the Wolbach Building is a “substantial change in services” as defined in the DoN statute. Rather, they allege this demolition requires prior approval by DPH because it is part of a “substantial capital expenditure” subject to DoN review. A “substantial capital expenditure” includes any “construction of a health care facility” the cost of which exceeds the dollar threshold established by DPH. Id. And “health care facility” includes a “hospital” or “any part” thereof, without regard to whether the facility is directly used in patient care or clinical services.
The Court previously considered and rejected the Hospital’s arguments that Plaintiffs lack standing to challenge the Wolbach demolition and that this part of the case is barred because Plaintiffs failed to exhaust their administrative remedies. Although the Hospital revisits these issues in its current filings, it *492 has not demonstrated that there has been any change in circumstances that would justify reconsideration of the Court’s prior rulings on these issues of subject matter jurisdiction. See Town of Dartmouth v. Greater New Bedford Regional Vocational Technical High School District, 461 Mass. 366, 368 n.4 (2012) (“Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided”) (quoting Peterson v. Hopson, 306 Mass. 597, 599 (1940)).
2.2. The Three Renovation Projects
Plaintiffs’ allegations regarding three ongoing renovation projects—involving renovations to office space currently used by the pathology department, the installation of new refrigeration units to serve the kitchen, and the relocation of equipment used by the operations center— fail to state a viable claim that these projects are subject to the DoN statute. Plaintiffs’ condusoiy allegations that this renovation work is part of the larger BCCB project are not enough. See Maling, 473 Mass. at 339.
Nor is the allegation that some of the paperwork submitted to the City of Boston’s Inspectional Services Department with respect to the refrigeration units and operations center equipment bears labels saying that this work is “BCCB Enabling” sufficient to support this part of Plaintiffs’ claims. The manner in which a hospital classifies or describes a capital project for the purposes of obtaining zoning approval or building permits has no bearing on whether the project is subject to the DoN statute, because the purposes and objectives of zoning and building codes are materially different from the purposes and objectives of the DoN process. See Shoolman, 404 Mass. at 39.
The allegation that the Hospital plans to move much of the Pathology Department out of the Bader Building as part of the BCCB project does not plausibly suggest that the current renovation of certain office space currently used by the pathology department is also part of the BCCB project now under review by DHP.
And Plaintiffs allege no facts plausibly suggesting that the current project to relocate the Hospital’s operations center has anything to do with the portion of the BCCB project that would relocate the central processing department.
2.3. The Fundraising
Plaintiffs allege that the Hospital has been making public solicitation for funds to construct the new BCCB, and that the Hospital was therefore required by law to file a written notice with DPH before doing so. The problem with this claim is that Plaintiffs would not be entitled to any relief from a court even if they could prove that this allegation is true.
DPH has broad statutory discretion to allow the Hospital to conduct fundraising for a new facility even if DoN approval is required but has not yet been obtained for the facility. See G.L.c. Ill, §25D (DPH “may require” hospital to stop raising funds until project receives DoN approval); John Donnelly & Sons, Inc. v. Outdoor Advertising Bd., 369 Mass. 206, 212-13 (1975) (statute providing that agency “may require” certain actions gives agency “broad discretion”).
In this case, the DPH has exercised that discretion and decided that the Hospital may continue its current fundraising efforts, even though the Hospital intends to use some of the funds raised to pay for the BCCB if it receives DoN approval.[2] A court has no power to second guess that decision.
3. Claims Against Suffolk and Turner
The claims against Suffolk Construction and Turner Construction will be dismissed with prejudice. They are not proper defendants in this action. The Legislature has authorized groups of ten or more taxpayers to sue the owner or operator of a hospital or other health care facility that has allegedly violated the DoN statute. See G.L.c. Ill, §25G. But Suffolk and Turner are not health care facilities and thus are not subject to the DoN statute. They are merely contractors hired to perform or oversee construction and renovation work for the Hospital. Plaintiffs allege no facts plausibly suggesting that either Suffolk or Turner has done anything that violates the DoN law.
If Plaintiffs were to prevail against the Hospital, they may be entitled to injunctive relief against the Hospital and its agents. Such an injunction may require Suffolk, Turner, or both of them to do or refrain from doing specified things. But that does not mean that Plaintiffs’ any legal claim against Suffolk or Turner themselves.
The claims against Suffolk and Turner will be dismissed without prejudice, not with prejudice as requested by these defendants.
4. Claims Against the Department
Finally, the Court concludes that DPH is also not a proper defendant in this action. Plaintiffs are entitled to press their claim that the Hospital has violated the DoN statute by starting to take down the Wolbach Building without first obtaining DoN approval. But that only provides grounds to sue the Hospital, not to add DPH as a defendant. Since DPH “is merely the administrator” of the DoN statute “and not the proponent of the project” challenged in this lawsuit, DPH “is not a proper party).]” Cf. Boston Investments Ltd. v. Secretary of Environmental Affairs, 35 Mass.App.Ct. 391, 395 (1993) (affirming dismissal of secretary as defendant in suit claiming that developer violated Massachusetts Environmental Policy Act).
By analogy, where the Secretary of Environmental Affairs determines that no environmental impact report (“EIR”) is required for a particular development project, ten residents of Massachusetts may challenge the project under G.L.c. 214, §7A. They may sue the developer on the ground that it is illegal to build the project and thereby damage the environment without first going through the EIR review process, and that the Secretary’s ruling to the contrary was incorrect. *493 But the Secretaiy is not a proper defendant in such a lawsuit, even though she is the government official who decided that no EIR was required. See Ten Persons of the Commonwealth v. Fellsway Development, LLC, 460 Mass. 366, 376-80 (2011); Cummings v. Sec’y of Envtl. Affairs, 402 Mass. 611, 616 (1988).
Plaintiffs’ interest in obtaining injunctive relief against DPH if they prevail on their claims against the Hospital provides no ground for making and keeping DPH in the case as a defendant. See Boston Investments Ltd., 35 Mass.App.Ct. at 397. Courts may expect and assume that public officials will “carry out their duty once the law under which they must act has been judicially declared.” Id., quoting Bennett v. Assessors of Whitman, 354 Mass. 239, 241-42 (1968).
The mere fact that DPH has been named as a defendant in other lawsuits claiming that a particular capital project requires review and approval under the DoN statute does not establish that DPH was a proper defendant. Cf., e.g., Shoolman, 404 Mass. at 33 n.2; Shoolman v. Health Facilities Appeals Bd., 10 Mass.App.Ct. 799, 799 n.1 (1980). “The most that can be said is that the point was in the cases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.” McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 719 n.12 (1990), quoting Webster v. Fall, 266 U.S. 507, 511 (1925).
ORDER
The motion to dismiss filed by Children’s Hospital Corporation is DENIED IN PART and ALLOWED IN PART. The Hospital’s motion to dismiss is denied as to so much of Counts I and HI that concern demolition of the Wolbach Building. The motion is allowed as to Count II of the Complaint and all other claims concerning fundraising by the Hospital or concerning the renovation projects described in paragraphs 34 to 38 of the Complaint, which are hereby dismissed without prejudice.
The motion to dismiss filed by Suffolk Construction Company, Inc., and the motion for judgment on the pleadings filed by Turner Construction Company are both ALLOWED IN PART. The motion to dismiss filed by the Commissioner of the Massachusetts Department of Public Health is ALLOWED. Plaintiffs’ claims against these three defendants are hereby dismissed without prejudice.

 The Court takes judicial notice of the letter that DPH sent to Plaintiffs’ counsel on June 3,2016, regarding the Hospital’s fundraising because it is a matter of public record and its authenticity is not in dispute. See Schaer, 432 Mass. at 477. Considering this document does not convert the Hospital’s motion to dismiss into a motion for summary judgment. Polay v. McMahon, 468 Mass. 379, 381 n.3 (2014).