Salinger, Kenneth W., J.
Plaintiffs brought suit in an effort to stop Boston Children’s Hospital from erecting a new clinical building on the site of the Prouiy Garden, which they and many others value as a quiet sanctuary for Hospital patients and their families. In their amended complaint Plaintiffs allege that the Hospital illegally began site preparation and other construction work required for its proposed Boston Children’s Clinical Building (the “BCCB”) without first obtaining approval from the Department of Public Health (“DPH”) under the determination of need (“DoN”) law, G.L.c. 111, §§25B-25G. Plaintiffs also allege that the Hospital’s DoN application for the BCCB project improperly excluded the costs of certain renovation projects that the Hospital has already started or completed at its main campus in the Long-wood medical area of Boston, and of a planned expansion of the Hospital’s Waltham campus.
The Court previously ordered that all claims against defendants Suffolk Construction Company, Inc., Turner Construction Company, and the Commissioner of the Massachusetts Department of Public Health be dismissed without prejudice because they are not proper or necessary parties [33 Mass. L. Rptr. 490].
The Hospital now moves to dismiss the rest of the case on the grounds that it became moot when DPH approved the Hospital’s DoN application. The Court will ALLOW that motion, and dismiss this case without prejudice, because it agrees that the claims asserted in this action are now moot. It will also declare the rights of the parties with respect to one of the legal issues raised in the amended complaint. The Court takes judicial notice of the two DPH letter decisions that are attached to the Hospital’s memorandum of law: the October 27, 2016, letter decision in which DPH approved the Hospital’s DoN application, and the June 3, 2016, letter decision in which DPH rejected claims that certain ongoing or now completed renovations at the Longwood campus were part of the BCCB project and thus required DoN approval.[3]
The amended complaint asserts three general categories of claims, all of which are now either moot, must be pursued as part of the c. 30A appeal from the final decision by DPH, or raise a pure question of law that can be resolved at this time.
First, the main thrust of Plaintiffs’ amended complaint is their claim that it would be unlawful for the Hospital to destroy the Prouty Garden and use that land as part of the footprint for a new clinical building without first obtaining DoN approval for that BCCB project. Now that DPH has granted the very approval that Plaintiffs say was required, that part of the complaint is moot. Cf., Tusino v. Zoning Bd. of Appeals of Douglas, 90 Mass.App.Ct. 89, 92 (2016) (action seeking to compel building commissioner to order that house be removed became moot once local board of appeal ordered removal of house). A group of individuals that includes most of the Plaintiffs in this case recently filed a new lawsuit challenging DPH’s approval of the Hospital’s DoN application under G.L.c. 30A, §14. Since that second lawsuit is the proper place to litigate any claims that the DoN approval was unlawful for some reason, this action “is properly dismissed as moot.” See, Olmstead v. Department of Telecommunications and Cable, 466 Mass. 582, 592-93 (2013).
Second, Plaintiffs seek a declaration that the Hospital acted illegally by spending money to prepare to demolish the Wolbach Building, in order to make way for the planned new clinical building, before the Hospital obtained DoN approval for the project as a whole. Plaintiffs also seek monetaiy penalties against the Hospital for this alleged violation under G.L.c. 111, §25G. As explained in prior decisions in this case, DPH expressly authorized the Hospital to begin working on the demolition of the Wolbach Building before obtaining DoN approval for the larger BCCB project, subject to the condition that the cost of that work must be included in the “maximum capital expenditure” addressed by the Hospital’s DoN application for the larger project. DPH did so because it found that the Hospital would have to take down the Wolbach Building whether or not it used that site for a project subject to DoN approval. [See 33 Mass. L. Rptr. 490, supra; 33 Mass. L. Rptr. 335.]
*2 Plaintiffs’ claim that DPH lacked statutory authority to allow the Hospital to incur certain site preparation costs before obtaining DoN approval, subject to the condition that the site could not be used for a new clinical building unless those expenses received retroactive DoN review and approval — and that the Hospital therefore acted illegally when it incurred those costs without prior DoN approval — raises a pure question of law that can be resolved on a motion to dismiss. See, e.g., Massachusetts Federation of Teachers, AFT, AFL-CIO v. Board of Educ., 436 Mass. 763 (2002). Since Plaintiffs have standing and there is an actual controversy between the remaining parties regarding whether the Hospital acted lawfully in spending money to prepare to demolish the Wolbach Building before obtaining DoN approval to build a new clinical facility, the Court is obligated to declare the rights of the parties as to this issue. See, e.g., Attorney General v. Kenco Optics, Inc., 369 Mass. 412, 418 (1976); Gennari v. City of Revere, 23 Mass.App.Ct. 979 (1987) (rescript).
DPH has ample authority and discretion to allow a DoN applicant to proceed in this manner, under circumstances like these, even though the DoN statute does not expressly contemplate that DoN approval may be granted after a limited amount of site preparation work on a construction project has already been completed. “In enacting the determination of need statute, the Legislature intended the department to have a major role in ‘defining the contours of the statute, and in considering its applicability on an ad hoc basis to projects that did not fit traditional norms.’ ” Shoolman v. Health Facilities Appeals Bd., 404 Mass. 33, 37 (1989), quoting Brookline v. Medical Area Serv. Corp., 8 Mass.App.Ct. 243, 254 (1979). The DoN statute only requires DPH review and approval for any “substantial capital expenditure” to construct any health care facility. See G.L.c. 111, §25C. It is undisputed that the minimum capital expenditure by hospitals requiring DoN approval from October 1, 2015, through September 30, 2016, was $17,826,988. See Amended Complaint ¶¶13-14.[4] The amended complaint does not allege any facts plausibly suggesting that the Hospital incurred project-related costs in excess of $17.8 million before obtaining DoN approval.
As a result, Plaintiffs have not stated a viable claim that the Hospital acted unlawfully in spending some money to prepare to demolish the Wolbach Building without first obtaining DoN approval, subject to retroactive DoN review and approval before using that site to construct a new clinical facility — all as expressly authorized by DPH. CL Lopez v. Commonwealth, 463 Mass. 696, 701 (2012) (to survive motion to dismiss under Mass.R.Civ.P. 12(b)(6), complaint must allege facts that, if true, would “plausibly suggest [ ] . . . an entitlement to relief’) (quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).
“Where, as here, the scope of agency authority is at issue, [a court] must determine whether the agency is acting within ‘the powers and duties expressly conferred upon it by statute and such as are reasonably necessary to carry out its mission.’ ” Entergy Nuclear Generation Co. v. Department of Envtl. Prot., 459 Mass. 319, 331 (2011), quoting Morey v. Martha’s Vineyard Comm’n, 409 Mass. 813, 818 (1991). Powers granted by the Legislature to an administrative agency like DPH “include those necessarily or reasonably implied” by the statute as a whole. Alliance to Protect Nantucket Sound, Inc. v. Department of Pub. Utils., 461 Mass. 166, 187 (2011), quoting Grocery Mfrs. of Am., Inc. v. Department of Pub. Health, 379 Mass. 70, 75 (1979). Thus, the DoN statute, like any statute that expressly authorizes an administrative agency to make particular decisions or take other actions, “carries with it by implication all incidental authority required for the full and efficient exercise of the power conferred. The Legislature need not enumerate nor specify, definitely and precisely, each and every ancillary act that may be involved in the discharge of an official duty.” New England Med. Ctr., Inc. v. Rate Setting Comm’n, 384 Mass. 46, 52-53 (1981), quoting Scannell v. State Ballot Law Comm’n, 324 Mass. 494, 501 (1949). For example, statutory authority for a state agency to take some action implicitly includes the power to issue a nunc pro tunc order that takes effect at an earlier time, to prevent a miscarriage of justice or for other good cause. Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 339 (1965). Similarly, DPH has the implicit statutory authority to allow a hospital to incur initial capital expenditures that do not exceed the “expenditure minimum” that triggers DoN review, and then retroactively review and approve those initial expenditures as part of its review of a larger capital project.
Third, Plaintiffs allege that the Hospital’s DoN application was incomplete because it failed to include all of the costs of demolishing the Wolbach building, costs of renovation projects at the Longwood campus that Plaintiffs allege were undertaken in order to prepare for the BCCB construction, or costs associated with construction planned at the Hospital’s Wal-tham campus. To the extent that the amended complaint sought injunctive relief requiring the Hospital to amend its DoN application to add those costs, that claim is now moot because DPH has taken final action on that application. To the extent that Plaintiffs instead allege that DPH could not lawfully approve the DoN application without considering additional costs that the Hospital failed to disclose, that claim must be raised in the separate lawsuit brought under c. 30A to challenge DPH’s decision. Plaintiffs are not entitled to seek declaratory relief in this action to assert a claim of error that must be raised in an action brought under c. 30A. Before the DPH issued its final decision, there was not yet any “actual controversy” regarding this claim that was capable of resolution under G.L.c. *3 231A, the declaratory judgment statute. See Town of Hingham v. Department of Housing and Community Development, 451 Mass. 501, 505-06 (2008). Now that DPH has taken final action, its decision may only be challenged under c. 30A in the other pending action, not through a claim for declaratory relief under G.L.c. 231A in this case. “(O)ne who is prosecuting in one court an appeal under the administrative procedure act may not of right circumvent that appeal by filing [or pursuing] a separate proceeding for declaratory relief[.]” Cennami v. Department of Pub. Welfare, 5 Mass.App.Ct. 403, 408 (1977).
In sum, since this action is now moot Plaintiffs’ claims must be dismissed without prejudice, except as to the one issue on which the Court must declare the rights of the parties. See, Hadge v. Second Federal Sav. & Loan Ass’n of Boston, 355 Mass. 782 (1968) (rescript).
ORDER
The motion by Children’s Hospital Corporation to dismiss this action is ALLOWED. Final judgment shall enter: (1) declaring that Children’s Hospital Corporation did not violate G.L.c. Ill, §§25B-25G, the so-called determination of need statute, by incurring certain expenditures to prepare to demolish the Wolbach Building before obtaining approval from the Department of Public Health to construct a new clinical building at that site; and (2) dismissing all other claims without prejudice.

 The Court may consider these DPH decisions in deciding the pending motion to dismiss because they are matters of public record and their authenticity is not in dispute. See, Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) (“matters of public record”); Simmons v. Galvin, 575 F.3d 24, 30 n.5 (1st Cir. 2009), cert. denied, 131 S.Ct. 412 (2010) (“documents the authenticity of which is not disputed”).

 The Court takes judicial notice that this threshold rose to $18,065,167 effective September 30, 2016. See Department of Public Health memorandum titled “Annual Adjustments to Determination of Need (DoN) Expenditure Minimums,” dated November 28, 2016, at http://www.mass.gov/eohhs/docs/dph/quality/don/min-expenditure.pdf. See also, Commonwealth v. Greco, 76 Mass.App.Ct. 296, 301 n.9, rev. denied, 457 Mass. 1106 and 458 Mass. 1105 (2010) (court may take judicial notice of facts “capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned” (quoting Mass. Guide Evid. §201(b)(2)); Cohen v. Assessors of Boston, 344 Mass. 268, 269 (1962) (taking notice of Appellate Tax Board rules); Katz v. Katz, 55 Mass.App.Ct. 472, 479 n.9 (2002) (taking notice of poverty guidelines issued by federal Secretary of Health & Human Services).