Botsford, J.
Introduction
The plaintiffs, James T. Butterworth and Michael P. Donovan challenge in this case the denial of their claims for an adjudicatory hearing, before the defendant Massachusetts Highway Department (MHD) on a curb cut permit granted to the defendant Larsen, Trustee of Meetinghouse Lane Realty Trust on June 6, 1995. The defendant commissioner of the MHD (commissioner) and the defendant MHD (collectively referred to as MHD) have moved to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, and pursuant to Rule 12(b), the MHD’s motion will be treated primarily as a motion for summary judgment. Accordingly, the parties will be given a reasonable opportunity to present affidavits or other materials pursuant to Mass.R.Civ.P. 56.
Background
The complaint contains the following allegations, all of which I take as true for purpose of ruling on this motion. The plaintiffs own property at 6 Meetinghouse Lane in Littleton, Massachusetts. In March of 1995, the defendant executors under the will of Rose M. Wood owned property (the locus) abutting the plaintiffs’ on Meetinghouse Lane; the locus is bounded in part by Route 110, a State highway. On or about March 2, 1995,[3] the defendant Kenneth A. Larsen, as trustee of the Meetinghouse Lane Realty Trust and with the authorization of the defendant executors, applied to the MHD for a curb cut permit in relation to the State highway (Route 110) so as to authorize the installation of water, gas and electric connections, access driveway and sidewalk construction between stations 4 + 00 and 5 + 50 on the southeast side of Route 110.[4] The MHD reviewed Larsen’s application pursuant to its Access Permit Guidelines issued in December 1990 (1990 Guidelines).[5] On or about May 9, 1995, the defendant executors conveyed the locus to Larsen. On June 6, 1995, the MHD granted to Larsen a State Highway Access Permit to authorize the construction of a driveway and utilities within the layout of Route 110. On June 16, 1995, Larsen conveyed the locus to the defendant Arthur A.P. Caddick. On June 16, 1995 as well, the plaintiffs gave notice to the MHD, the executors and Larsen of the plaintiffs’ claim for an adjudicatory hearing before the MHD on the permit, pursuant to the 1990 Guidelines and G.L.c. 30A. On June 30, 1995, the MHD denied plaintiffs’ request for an adjudicatory hearing, based on the Massachusetts Highway Department Standard Operating Procedure for Review of State Highway Access Permits, promulgated by the MHD on September 17, 1991 (1991 SOP). The MHD has never distributed the 1991 SOP to its district offices, and the 1991 SOP is not used by the MHD district offices in their review and evaluation of permit applications for curb cuts; rather, district offices use the 1990 Guidelines to review the applications.[6] The access permit guidelines provide that the MHD will give an adjudicatory proceeding for "any MDPW[7] action on access permits as provided in G.L.c. 30A.”
Based on these allegations, the complaint sets out claims for; (1) mandamus pursuant to G.L.c. 249, §5, to compel the MHD to hold an adjudicatory hearing; (2) declaratory relief, alleging that an actual controversy exists as to (a) the plaintiffs’ right to a hearing under G.L.c. 30A, to challenge the granting of the curb cut permits, (b) the applicable guidelines which governed the MHD’s review of the curb cut permit application, and (c) the validity of the permit; and (3) alternatively, certiorari review of the permit that was issued pursuant to G.L.c. 249, §4.
This case, and the MHD’s motion to dismiss in particular, have a lengthy procedural history. The plaintiffs’ complaint was filed in this court on July 27, 1995. The MHD first moved to dismiss on August 28, 1995. A judge of this court (Hamlin, J.) denied the motion. On August 13, 1997, the MHD filed a motion for reconsideration of the court’s denial of its motion to dismiss. Judge Hamlin denied the motion without prejudice, and gave the MHD the option to renew its motion before the trial judge. The MHD has now *340 exercised this option, and again requests dismissal of the plaintiffs’ complaint.
Discussion
For purposes of a motion to dismiss a complaint, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). Amotion to dismiss should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 335 U.S. 41, 45-46 (1957).
The plaintiffs’ primary claim in this case is that they are entitled to an adjudicatory hearing before the MHD to challenge its issuance of a curb cut permit. The question raised by the MHD’s motion to dismiss, therefore, is whether the plaintiffs have alleged any facts that would entitle them to a hearing, either as a matter of statutory, regulatory or constitutional right.
The statute governing the MHD’s grant of the curb cut permit to Larsen is G.L.c. 81, §21. It states in pertinent part:
No state highway shall be dug up, nor opening made therein for any purpose, nor shall any material be dumped or placed thereon or removed therefrom, and no tree shall be planted or removed or obstruction or structure placed thereon or removed therefrom or changed without the written permit of the department [MHD], and then only in accordance with its regulations ... In the case of a driveway opening on a state highway, the said department shall not grant a permit for a driveway location or alteration if the board or department in a city or town having authority over public ways and highways has notified the department... of their objection to the driveway; provided, that such objection shall be based on highway safety and accepted by the said department . . .
Any person who builds or expands a business, residential, or other facility intending to utilize an existing access or new access to a state highway so as to generate a substantial increase in or impact on traffic shall be required to obtain a permit under this section prior to constructing or using, such access. Said person may be required by the department to install and pay for, pursuant to a permit under this section, standard traffic control devices, pavement markings, channelization, or other highway improvements to facilitate safe and efficient traffic flow, or such highway improvements may be installed by the department and up to one hundred per cent of the cost of such improvements may be assessed upon such person.
The MHD is correct that nothing in this section, or indeed in any other associated statute, requires the MHD to give private abutters a hearing of any kind in relation to the granting of a curb cut permit, or even to consider their views. Compare G.L.c. 40A, §§9, 11. Accordingly, the plaintiffs cannot claim a statutory right to a hearing before the MHD, and it seems they do not attempt to do so. Rather, the plaintiffs assert they have a constitutional right to a hearing, and also a right under the 1990 Guidelines.
The complaint does not set forth any basis on which the plaintiffs may claim a hearing before the MHD as a matter of constitutional right. The plaintiffs assert that the MHD’s granting of the curb cut permit violates their property rights — that in some manner the permit deprives them of their property without due process of law. They do not explain how the deprivation will occur. Insofar as the complaint deals with the adverse effect of the permit approval on the plaintiffs’ property at all, the complaint alleges that the drainage system approved by the MHD for the locus “will not function properly and may discharge surface and/or subsurface water on the [plaintiffs’ property” (T16(d)), and “[t]he approved driveway will adversely impact the [p]laintiffs’ property and its existing access to Route 110" (8I16(e)). Neither of these allegations supports a claim of unconstitutional deprivation of the plaintiffs’ property without due process. To the extent that regulation by the MHD might involve a deprivation of property, it bears remembering that the focus of the MHD’s regulatory efforts was the locus, not the plaintiffs’ abutting land. Compare Villages Dev. Co. v. Secretary of the Executive Office of Envtl. Affairs, 410 Mass. 100, 106 (1991). Furthermore, whether or not discharge of water from the locus to the plaintiffs’ property will occur at some point in the future is of course a matter of pure speculation, but more to the point, that discharge would not amount to a deprivation by the State of a property right belonging to the plaintiffs.[8] The plaintiffs have not cited any judicial decisions or other authority to support their contention that the MHD’s granting of a curb cut permit for the locus injured or deprived them of property rights, and I have found none.[9]
I agree with the plaintiffs that (1) where a constitutionally protected property interest is threatened or implicated by some form of proposed State action, the person holding that property interest is entitled to procedural due process before the State action takes effect, and (2) where the process which is due involves a hearing, “the hearing becomes an adjudicatory one under . . . [G.L.c. 30A.]” Doe, Sex Offender Registry Board No. 972 v. Sex Offender Registry Board, 428 Mass. 90, 99 (1998); Madera v. Secretary of the Executive Office of Communities & Development, 418 Mass. 452, 462-63 (1994). However, this proposition has no application here because the plaintiffs have no constitutionally protected properly interest which is implicated by the MHD’s curb cut permit. Cf. City of Revere v. Massachusetts Highway Department, Suffolk Superior Court, Civil Action No. 96-5229-E (Memorandum of Decision and Order on State Defendant’s Motion to *341 Dismiss, March 3, 1997) (a municipality cannot claim constitutional rights against the State, and thus cannot claim a constitutionally-based due process right to a hearing on the MHD’s granting of a curb cut permit to a business operating in and near the city).[10]
In sum, the plaintiffs cannot base their claim to an adjudicatory hearing before the MHD on an assertion of a constitutionally protected right to a hearing. What remains is their claim that the 1990 Guidelines have given them a right to an adjudicatory hearing. This contention is based on the plaintiffs’ allegations that in fact, the MHD reviewed Larsen’s curb cut permit application under the 1990 Guidelines rather than the 1991 SOP, and that the 1990 Guidelines specifically state that the MHD will “provide an adjudicatory proceeding” under G.L.c. 30A for any action by the agency on access permits.
Resolution of the plaintiffs’ regulation-based hearing claim will take me beyond the four corners of the plaintiffs’ complaint, and for this reason summary judgment is the appropriate vehicle to use. See Mass.R.Civ.P. 12(b). It will be necessary to consider the text of the 1990 Guidelines and the text of the 1991 SOP, both of which, of course, are separate from the complaint and also not attached to it. Moreover, the plaintiffs’ allegation that despite the 1995 date of the curb cut permit, the MHD (through its district office) used the 1990 Guidelines to make its decision rather than the superseding 1991 SOP, is unquestionably factual in nature. While the allegation is made only on information and belief, I cannot disregard it in ruling on the motion to dismiss. Consideration of the MHD’s motion to dismiss as one for summary judgment will permit both sides of this case to submit affidavits or other materials which may well provide critical factual information about how specifically — and under what permit guidelines or procedures — the MHD or its district office reviewed Larsen’s permit application.
Accordingly, no ruling will be made at this time on the MHD’s motion to dismiss Count I or Count II of the plaintiffs’ complaint, because consideration of the 1990 Guidelines and 1991 SOP will play a significant role in my consideration of both counts. The motion to dismiss Count III stands on a different footing. Count III offers an alternative theory of recovery, claiming a right to certiorari review of the MHD’s curb cut permit decision under G.L.c. 249, §4. An action in the nature of certiorari does not lie in this case. “(T]he requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review.” Walpole v. Secretary of the Executive Office of Envtl. Affairs, 405 Mass. 67, 72 (1989) (quotation omitted). The MHD’s decision to give a curb cut permit to Larsen was neither a judicial nor a quasi-judicial proceeding. Under the plain terms of G.L.c. 81, §21, the determination was “discretionary and require[d] no hearing, and therefore [was] not reviewable on a writ of certiorari.” Id. at 73 (quotation omitted). The MHD is entitled to dismissal of Count III.
ORDER
For the foregoing reasons, the MHD’s motion to dismiss is allowed with respect to Count III of the complaint. The MHD’s motion to dismiss Counts I and II of the complaint will be treated as a motion for summary judgment, and accordingly, the MHD will have 21 days from the date of this order to serve on the plaintiffs any affidavits or other evidence permissible under Rule 56,[11] and the plaintiffs will have 21 days thereafter to serve on the MHD any materials in opposition to the summary judgment motion. The MHD is then to file the package of materials with the court.

Paragraph 8 of the complaint, to which the text here refers, actually gives the date as March 2, 1994. However, in light of ¶7 of the complaint and the date of the curb cut permit issued by MHD — June 6, 1995 — I take the date of March 2, 1994 in ¶8 to be a typographical error, and that it should state March 2, 1995.

The permit indicates that the driveway and related work to which the permit applies concern a proposed retail store (CVS) intended to operate on the locus. (See complaint, Exhibit A.)

his allegation, which appears in ¶9 of the complaint, is stated to be made "on information and belief.”

The allegations just summarized, which are taken from ¶21 of the complaint, are stated to be made “on information and belief.”

The MDPW refers to the Massachusetts Department of Public Works; insofar as highways and the 1990 Guidelines are concerned, the MHD stands in the shoes of the MDPW.

The allegation concerning the possible adverse impact of the driveway on the locus is too vague or conclusory to warrant consideration as a true statement of fact, but even if this were not the case, a possible (albeit undefined) negative effect on the plaintiffs’ land caused by a driveway located on an abutting parcel of privately-owned land, even where the method of construction of the driveway is “approved” by a State agency, hardly qualifies as an unconstitutional deprivation of property by the State without due process.

The plaintiffs cite Pazolt v. Director of the Div. of Marine Fisheries, 417 Mass. 565, 570-71 (1994), but for a somewhat different point: they state that Pazolt demonstrates they have standing to challenge the curb cut permit and to raise their claim of right to a hearing. It is difficult to see how the Pazolt case fulfills this mission, as it involved a dispute between two private parties over relative property rights in tidal flats which were owned by the plaintiff. In any event, the case does not consider any question of denial of due process.

The MHD has argued that the City of Revere case should govern here, and that the decision points out why the plaintiffs in this case cannot claim a constitutional right to a hearing. However, I agree with the plaintiffs that the City of Revere case is distinguishable, since the basis of the court’s decision was that as a public municipality, Revere was not in a position to claim any constitutional rights (or deprivations) as against the State. Clearly the plaintiffs, as private parties, *342 are not foreclosed from pursuing such a course as a general matter. The trouble is that in the specific circumstances of this case, the plaintiffs have no constitutional claim to assert against the MHD.

A copy of the 1990 Guidelines would be one very helpful submission. (The MHD has previously submitted the 1991 SOP, and does not need to do so again.)