NATALYA VEKSLER *vs.* BOARD OF REGISTRATION IN
DENTISTRY.

Suffolk. May 6, 1999. - June 11, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & IRELAND, JJ.

*Dentist. Administrative Law,* Hearing. *Statute,* Construction. *Regulation.*

The Board of Registration in Dentistry may not summarily revoke the license
of a dentist subject to discipline under G. L. c. 112, §§ 52D and 61, where
the plain language of the statutes requires a hearing. [651-653]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on November 27, 1998.

The case was reported by *Marshall,* J.

*Kevin M. Keating* for the plaintiff.

*John E. Bowman, Jr.,* Assistant Attorney General (*Susan Paul-
son,* Assistant Attorney General, with him) for the defendant.

IRELAND, J. This case presents the question whether the Board
of Registration in Dentistry (board) may revoke the license of a
dentist without first providing the dentist with a hearing. We
conclude that a hearing is required under G. L. c. 112, §§ 52D,
61.

On May 18, 1998, Natalya Veksler (petitioner) pleaded guilty
to one indictment charging Medicaid fraud, G. L. c. 118E, § 40;
one indictment charging welfare fraud, G. L. c. 18, § 5B; and
two indictments charging larceny, G. L. c. 266, § 30. As a result
of these convictions, the board commenced disciplinary proceed-
ings against her on September 2, 1998. On November 20, 1998,
the board, citing G. L. c. 112, §§ 52D, 61, denied the petitioner's
request for an adjudicatory hearing to determine appropriate
sanctions. The petitioner conceded that she was guilty of the of-
fenses and did not request a hearing on the issue of culpability.
She wished to present, in part, evidence of: her unique
background and qualifications, mitigating circumstances, her
likelihood of rehabilitation, and examples of sanctions imposed
by the board in response to similar offenses since 1985. The

prosecuting counsel moved for a summary decision, which the board granted on November 20, 1998. The board revoked the petitioner's license to practice dentistry for at least five years. The petitioner never received a hearing before the board.

The petitioner appealed from the board's decision pursuant to G. L. c. 112, § 64, and G. L. c. 30A, § 14 (7). A single justice of this court reserved and reported the case to the full court. Because the applicable statutes provide that the petitioner must receive a hearing, we conclude that she is entitled to a hearing before the board may revoke her license.

The board is vested with statutory authority to discipline dentists convicted of crimes related to the practice of dentistry. Under G. L. c. 112, § 52D, a dentist is subject to discipline if he or she is convicted of a felony.[1] In addition, G. L. c. 112, § 61, grants the board authority to discipline dentists who are convicted of "deceit, malpractice, gross misconduct in the practice of his profession, or of any offense against the laws of the commonwealth relating thereto."[2]

The board cited both of these statutes in its November 20, 1998, ruling rejecting the petitioner's request for a hearing. Oddly and inexplicably, in its written opinion, the board twice misquoted the pertinent statutory language. First, when quoting G. L. c. 112, § 52D, the board omitted the crucial clause, "after due notice and hearing." Then, when quoting G. L. c. 112, § 61, the board ignored the statutory command to discipline a dentist only "after a hearing."

The statutes cannot be plainer. The petitioner is entitled to a hearing because both laws provide that the board may act only "after a hearing." See G. L. c. 112, § 52D; G. L. c. 112, § 61.

---

[1]General Laws c. 112, § 52D, provides: "The board, after due notice and hearing, may suspend, revoke or cancel any certificate, registration, license or authority issued by it, of any dentist convicted in any court in the commonwealth of a felony related to the practice of dentistry."

[2]General Laws c. 112, § 61, reads, in pertinent part:

"[E]ach board of registration . . . after a hearing, may, by a majority vote of the whole board, suspend, revoke or cancel any certificate, registration, license or authority issued by it, if it appears to said board that the holder of such certificate, registration, license or authority . . . is guilty of deceit, malpractice, gross misconduct in the practice of his profession, or of any offense against the laws of the commonwealth relating thereto."

Such a hearing provides the petitioner, like the criminal defendant at a disposition hearing, with a right of allocution, "the right to present mitigating factors prior to sentencing." *Commonwealth* v. *Rancourt*, 399 Mass. 269, 278 (1987). See *Sussman* v. *Commonwealth*, 374 Mass. 692, 699 (1978), and authorities cited (judge should allow contemnor to speak in own behalf before exercising summary contempt power). The petitioner here wanted to present evidence to the board to explain her actions. She simply sought a sanction that accounted for her individual circumstances.

The board concluded that, despite the statute's requirement for a hearing, it could issue a summary decision, citing 801 Code Mass. Regs. § 1.01 (7)(a)(2) (1986). That regulation provides conditions under which the presiding officer of a board may rule on a motion without holding a hearing. It permits a summary decision where a hearing "would not advance [the board's] understanding of the issues involved or if disposition without a hearing would best serve the public interest." The board concluded that a hearing was unnecessary as to either of the two issues in this case, culpability and the proper punishment the petitioner should receive. First, the petitioner conceded her guilt. Second, the board concluded that it understood the circumstances sufficiently to decide on an appropriate sanction without a hearing.

We need not decide whether a hearing would have advanced the board's understanding of the issues or whether a summary disposition would have served the public interest. The agency could not rely on the regulation that, in regard to the petitioner's right to a hearing, conflicted with G. L. c. 112. The petitioner was entitled to a hearing because "to the extent that there is a conflict [between a statute and a regulation], the statute must prevail over the administrative regulation." *Pinecrest Village, Inc.* v. *MacMillan*, 425 Mass. 70, 73 (1997). Given the clear language of G. L. c. 112, the regulation cannot foreclose the petitioner's right to a hearing. Because of our conclusion above, we need not reach the petitioner's claim of a procedural due process right to a hearing under either the State or Federal Constitution.

The case is remanded to the county court where an order will enter granting the petitioner's request for a hearing, at which she may present information to the board material to the board's

decision on an appropriate sanction. The hearing must be held before the board may sanction the petitioner.

*So ordered.*