## Marcos Naranjo, Jr. *vs.* Department of Revenue.

No. 04-P-684.

Norfolk. January 10, 2005. - April 14, 2005.

Present: Greenberg, Duffly, & Green, JJ.

*Jurisdiction,* Declaratory relief, Divorce proceedings, Child support, Judicial review of administrative action, Superior Court, Probate Court. *Declaratory Relief. Practice, Civil,* Declaratory proceeding, Standing. *Parent and Child,* Child support. *Statute,* Construction. *Divorce and Separation,* Child support. *Limitations, Statute of. Administrative Law,* Judicial review, Hearing.

A Superior Court judge erred in dismissing, for lack of subject matter jurisdiction, a complaint seeking declarations as to the plaintiff's right to a hearing and administrative review of the Department of Revenue's (department's) actions concerning his child support obligations, where G. L. c. 231A provided that such a challenge to administrative actions could properly be brought in Superior Court, and where nothing in G. L. c. 119A, § 6(*c*), which provided for exclusive review in Probate Court only for the department's determinations of child support arrearages, was to the contrary. [265-267]

In an action seeking declaratory relief against the Department of Revenue (department) based on its administrative actions in a child support matter, the department failed to demonstrate either that the plaintiff lacked standing [267-268] or that the complaint was not timely filed [268-269].

In an action brought by a father against the Department of Revenue (department), arising out of its denial of his request for an administrative review and hearing on a child support matter because of his alleged failure to submit appropriate supporting documents, this court concluded that the father's affidavit, which was attached to his request, constituted sufficient documentation entitling him to such a review and hearing, and vacated the judgment dismissing his complaint. [269-270]

Civil action commenced in the Superior Court Department on September 19, 2003.

A motion to dismiss was heard by *Isaac Borenstein,* J.

*Marcos Naranjo,* pro se.

*Romeo G. Camba,* Assistant Attorney General, for the defendant.

Duffly, J. Marcos Naranjo, Jr., claims that the child support enforcement division of the Department of Revenue (DOR) undertook steps to suspend his driver's and trade licenses for failing to pay court-ordered child support to two women without first granting his timely requests for administrative review and hearing. He filed a complaint in Superior Court seeking declarations that the DOR was required by G. L. c. 119A to provide him with hearings and administrative review at various stages in the administrative process.[1] The DOR filed a motion to dismiss Naranjo's complaint for lack of subject matter jurisdiction, arguing that under G. L. c. 119A, §§ 6 and 16, the Probate and Family Court has exclusive jurisdiction to consider his claims. The motion was allowed and Naranjo filed this appeal.

Because we agree that Naranjo properly relied on G. L. c. 231A, §§ 1 and 2, to seek declarations in Superior Court as to his right to a hearing and administrative review of the DOR's actions, we vacate the judgment dismissing his complaint.

*Background.* The DOR is the "IV-D agency" that under G. L. c. 119A, §§ 1 and 2, is charged with enforcement of child support orders.[2] The DOR sent to Naranjo a form notice, bearing the date of September 21, 2002, entitled "Annual Notice of Child Support Delinquency As of 9/22/2002." The notice informed Naranjo that orders of the Probate and Family Court obligated him to pay child support to his former wife, Juana Naranjo (Juana), in the amount of $95 per week, and to Venus Rodriguez, in the amount of $75 per week. The notice also stated that his failure to make court-ordered payments had

---

[1]In addition, Naranjo alleges in his complaint that he was deprived of due process guaranteed by arts. 10 and 12 of the Massachusetts Declaration of Rights and the Fourteenth Amendment to the United States Constitution. He sought a preliminary injunction prohibiting the DOR from further enforcement action against him until judicial review of his claims had been conducted.

[2]Section 2 of c. 119A requires the DOR to provide "services to children and families whether or not they are recipients of public assistance, to establish, modify, and enforce child support obligations." G. L. c. 119A, § 2(*a*), as appearing in St. 1998, c. 64, § 68. See *Department of Rev.* v. *C.M.J.*, 432 Mass. 69, 70 n.2 (2000) ("[t]he DOR provides 'IV-D services,' including the establishment of paternity and the establishment and enforcement of child support orders for recipients of public assistance, in accordance with Title IV-D"). See also G. L. c. 119A, § 1 (designating DOR as IV-D agency pursuant to Title IV, Part D of the Social Security Act, 42 U.S.C. §§ 651 et seq. [2000]).

resulted in a child support arrearage in the amount of $75,782.36 for the support of his children with Juana and a child support arrearage in the amount of $77,149.75 for the support of his child with Rodriguez.[3] The notice further advised that if Naranjo disputed that he owed the arrears, he could request administrative review by completing an enclosed form and mailing it to the DOR within thirty days.[4] Naranjo completed two requests (one for each child support order) and filed them within the prescribed period, attaching affidavits he had written as support for his claim that he did not owe the stated amounts. Naranjo's request for review of payments due to Juana asserted, in essence, that (1) the child support calculation was incorrect because his divorce judgment provided for an automatic, annual adjustment to support; (2) the DOR was not a party to the proceeding and had "never entered an appearance in this case to enforce support payments"; and (3) he and Juana had an agreement regarding child support payments while he was incarcerated.[5] In his request for review of payments due to Rodriguez, Naranjo asserted that he owed no child support to her because he was never served with a copy of the summons and complaint to establish paternity and thus no valid order of support was in effect.

---

[3]In a related case — one of three appeals, including the instant case, that were argued contemporaneously — we reversed the denial of Naranjo's motion to vacate a paternity judgment (adjudicating him to be the father of the child born to Rodriguez and ordering him to pay weekly child support) because he had not been served with a copy of the summons and complaint. See *Department of Rev.* v. *Naranjo, post* 1109 (2005). Naranjo does not, however, deny that he is the child's father.

[4]Under the heading "Administrative Review," the notice of delinquency contains this language:

> "If you dispute that you owe the arrears listed above, you may request an administrative review of your account. You must provide evidence to support your claim (such as canceled checks and other receipts). THE ONLY DEFENSE TO THESE COLLECTION REMEDIES IS THAT YOU DO NOT OWE THE MONEY.

> "To request a review, complete the enclosed form and mail it to the address on the form within 30 days."

[5]According to Naranjo's opposition to the DOR's motion to dismiss, Naranjo has been incarcerated since 1996 and is not due to be released until 2007.

The form to request administrative review limits supporting documentation to proof of payment, as does the notice of delinquency, and the DOR refused to conduct a review of Naranjo's claims because, according to the DOR, his documentation was insufficient.

Instead, on December 6, 2002, the DOR sent Naranjo a notice of noncompliance. This notice advised that, whereas Naranjo had previously been informed of his court-ordered child support obligations and no payments had been received in the twelve weeks preceding the notice of noncompliance, his failure to make the payments "will result in the suspension of [his] driver's license . . . [and] any professional licenses [he] may have." The notice provided that if Naranjo disputed the action to suspend his licenses he could within thirty days request an administrative hearing, but that he would only be eligible for such a hearing if he had documents to support "the only defenses recognized by the law (G. L. c. 119A, § 16)." These defenses were described on the form as follows: (1) "You are not the individual owing the arrearage"; (2) "No child support arrearage exists"[6]; or (3) "You are complying with the terms of the child support order."[7] If he failed within thirty days "to submit information verifying one of the defenses or conditions listed above . . . DOR [would] notify the licensing authority or authorities to suspend or revoke [his] licenses."

On December 12, 2002, Naranjo sent the DOR a letter demanding "administrative and judicial review" and noting that he had previously submitted two separate requests for administrative review but that none had been conducted. He asserted that he owed no child support to the DOR. Referring to the DOR case involving Juana he said that there was no court order requiring him to make payments to the DOR and that Juana had

---

[6]The documentation identified in the notice of noncompliance as "necessary to establish that no arrearage exists includes a court order establishing an arrears balance at zero, copies of direct payments or canceled checks, or an affidavit from your employer verifying that payments were remitted on your behalf."

[7]To prove that there has been compliance with the terms of a child support order, Naranjo was required to "provide copies of canceled checks, pay stubs, an affidavit from your employer verifying that they have remitted payments on your behalf, or other proof of payment."

not applied for services. Naranjo also stated in the letter that he had not been served with process in connection with the proceeding involving Rodriguez and that an appeal was pending in that action in which he claimed lack of jurisdiction and violation of due process.

On January 28, 2003, the DOR sent Naranjo a document captioned "Final Determination of Delinquency." This document informed him that — because he had failed to make child support payments after being sent a notice of noncompliance, or, if he had requested an administrative hearing, he had failed to provide documentation establishing that he is not the individual owing the arrearage, that no child support arrearage exists, or that he is in compliance with the terms of his child support order — the DOR had "notified the appropriate licensing authorities to suspend any licenses [he] may have." It further advised Naranjo that he could not contact the Registry of Motor Vehicles or the licensing board that issued his professional license because the "DOR alone is responsible for the determination to suspend [his] license for failure to pay child support." If he wished to contest this action, Naranjo was instructed that he could "file a complaint for judicial review in the court that entered [his] child support order within 45 days of the date that the licensing authority notifies [him] of the suspension of [his] license."

Naranjo commenced this action against the DOR in Superior Court on September 19, 2003. His complaint, as amended, seeks declarations that the DOR failed to conduct an administrative review in violation of G. L. c. 119A, § 6(*b*)(2), and failed, in violation of G. L. c. 119A, § 16(*c*), to provide him with a hearing prior to taking steps to have his driver's license and trade license suspended. He also sought declarations that he was deprived of procedural due process secured to him by arts. 10 and 12 of the Massachusetts Declaration of Rights and the Fourteenth Amendment to the United States Constitution. Naranjo's complaint further demanded that his driver's and trade licenses be restored and that a preliminary injunction issue prohibiting the DOR from further enforcement action against him until he has exhausted judicial review of the cases pending in the Appeals Court.

The DOR filed a motion to dismiss the complaint, arguing that the Superior Court lacked subject matter jurisdiction, and that even if the court had jurisdiction, the complaint was not timely filed. On December 8, 2003, a judge of the Superior Court dismissed the complaint for lack of subject matter jurisdiction.

*Discussion.* 1. *Subject matter jurisdiction.* "Because the [DOR] filed a motion to dismiss due to lack of subject matter jurisdiction under Mass. R. Dom. Rel. P. 12(b)(1), the burden fell on [Naranjo] to prove jurisdictional facts." *Caffyn* v. *Caffyn,* 441 Mass. 487, 491 (2004).

Naranjo's verified complaint sets forth the facts and procedural history we have summarized above. The DOR does not deny that it did not conduct any administrative review or hearing at the various points that it sought to enforce payment of child support to both Rodriguez and Juana, and makes no claim that Naranjo's requests for administrative review or for hearing were not timely made. Rather, the DOR takes the position that administrative review was not warranted because, as the DOR notes in its brief, Naranjo "failed to support his request[s] with documentation necessary to trigger such administrative review[,]" by failing to "submi[t] the documentation listed in the instructions to the Request for Administrative Review form."

Naranjo's complaint in Superior Court does not seek judicial review of the amounts that the DOR determined he owed to Rodriguez and Juana for past due child support. As Naranjo states in his memorandum in opposition to the DOR's motion to dismiss:

> "Simply put, the plaintiff is seeking a determination as to the legality of the [DOR's] enforcement actions suspending his privilege to have a driver's license and professional trade license without affording him a hearing and without *first* submitting a determination in response to his *timely* requests for administrative reviews of case numbers 90W0397PA1 [support due to Rodriguez] and 92D0259DV1 [support due to Juana]."

The question we are asked to address is whether, under G. L.

c. 119A, § 6(*c*), judicial review of Naranjo's claims must be brought, if at all, in the Probate Court.

Ordinarily, a complaint for declaratory relief such as the one brought by Naranjo in this case is properly brought in Superior Court pursuant to G. L. c. 231A, §§ 1 and 2. See G. L. c. 30A, § 7, as appearing in St. 1974, c. 361, § 3 ("[u]nless an exclusive mode of review is provided by law, judicial review of any regulation . . . may be had through an action for declaratory relief in the manner and to the extent provided under [G. L. c. 231A]"). See also *Westland Hous. Corp.* v. *Commissioner of Ins.*, 352 Mass. 374, 380 (1967). Furthermore, declaratory determinations may be obtained in "the superior court, the land court and the probate courts, within their respective jurisdictions." G. L. c. 231A, § 1, inserted by St. 1945, c. 482, § 1. The Superior Court has specific, exclusive authority to issue injunctive relief and determinations as to "the legality of the administrative practices and procedures of any . . . state agency," to the extent that the practices and procedures are alleged to violate the United States Constitution, or the Constitution or laws of the Commonwealth, or any rule or regulations promulgated under such laws. G. L. c. 231A, § 2, inserted by St. 1974, c. 630, § 1. A complaint for declaratory relief filed in Superior Court is the proper vehicle for challenging the legality of an administrative action "even though such action is neither an 'adjudication' nor the promulgation of a 'rule,' " so long as the prerequisites to bringing a declaratory judgment action are met. *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare*, 368 Mass. 15, 30, cert. denied, 423 U.S. 929 (1975), quoting from *Westland Hous. Corp.* v. *Commissioner of Ins., supra* at 383. See *Williams* v. *Secretary of the Executive Office of Human Servs.*, 414 Mass. 551, 567 n.10 (1993).

The DOR argues that G. L. c. 119A, § 6(*c*), which provides that "[a]ny person aggrieved by a determination of the IV-D agency pursuant to [§ 6] may, upon exhaustion of the procedures for administrative review provided in section 17, seek judicial review within 45 days in the court where the order or judgment was issued or registered," sets forth the exclusive mode of judicial review for Naranjo's claim in the Probate Court, because the Probate Court issued the orders obligating Naranjo

to pay child support. See G. L. c. 119A, § 6(*c*), as amended by St. 1998, c. 64, § 93.

We disagree. It is evident from the plain language of G. L. c. 119A, § 6, that the limitation on judicial review is only with respect to determinations made pursuant to § 6 — that is, only as to the amount of any child support arrearage that the DOR has determined to be due. See *Schultz* v. *Grogean,* 406 Mass. 364, 366 (1990) ("[w]ords or phrases in a statute are to be given their ordinary meaning. They are to be construed according to their natural import and approved usage" [citation omitted]). See also *Iodice* v. *Newton,* 397 Mass. 329, 332-333 (1986).

Naranjo's complaint seeking declarations as to his right to a hearing and administrative review of the DOR's actions should not have been dismissed for lack of subject matter jurisdiction.[8]

2. *Lack of standing.* To secure declaratory relief in a case involving administrative action, a plaintiff must show that (1) there is an actual controversy; (2) he has standing; (3) necessary parties have been joined; and (4) available administrative remedies have been exhausted. *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs,* 410 Mass. 100, 106 (1991).

We reject the DOR's claim that Naranjo lacks standing to bring this action because he failed to allege that he has a driver's or trade license or that he was notified by the appropriate licensing authorities that his driver's or trade licenses were suspended. Fairly read, the complaint asserts that Naranjo has both a driver's license and a trade license, and that he has been deprived of the use of both.

The DOR does not dispute that it sent to Naranjo a notice that it had notified the appropriate licensing agencies to suspend his driver's and trade licenses, or that it did not first provide Naranjo with a hearing in accordance with G. L. c. 119A, § 16(*a*)-(*c*). It is this failure to provide a hearing that is the subject of Naranjo's complaint. Because Naranjo is not seeking

---

[8]We note as well that, even lacking jurisdiction, the Superior Court judge, in this case, need not have dismissed the complaint on that ground, but could have "ask[ed] the Chief Administrative Justice to transfer the case, or the judge, or both, to the appropriate department of the Trial Court." *Konstantopoulos* v. *Whately,* 384 Mass. 123, 129 (1981).

review of "a final determination of delinquency,"[9] he was not required to await notice from any licensing authority that it had acted on the DOR's notification to suspend his licenses before filing his complaint for declaratory relief.

3. *Statute of limitations.* We also reject the DOR's additional claim that even if the Superior Court has jurisdiction, the complaint was not filed within forty-five days of the date the document entitled "Final Determination of Delinquency" was issued. The reliance by the DOR on *Iodice* v..*Newton*, 397 Mass. at 334, is misplaced. There, the plaintiff appealed a decision of a permit-granting authority after exhaustion of administrative remedies. *Id.* at 330. The statute applicable in that case provided that an appeal to the Superior Court under its provisions (including an appeal "pertinent to the authority of the . . . special permit granting authority") must be brought within twenty days, and "shall be the exclusive remedy of '[a]ny person aggrieved by a decision of . . . any special permit granting authority.' " *Id.* at 334.

Here, the forty-five day limitations period governs appeals from a "final determination of delinquency." Naranjo's complaint is directed to the DOR's failure to provide him with the administrative review and hearings to which he claims entitlement; until a review has been conducted resulting in a final determination, the limitations period does not begin to run. "[A] statute of limitations is not operative until an actual controversy has arisen between the parties creating a right to secure a judicial declaration pursuant to G. L. c. 231A." *Page* v. *LeRoux*, 43 Mass. App. Ct. 708, 712 (1997) (plaintiff sought declaration as to her ownership interests in partnership; where there was evidence of mischaracterization of plaintiff's interests

---

[9]Section 16(*a*)(1) defines "final determination of delinquency" to mean "an administrative finding by the [DOR] that an obligor owes a child support arrearage that is subject to a child support lien under section 6 [of chapter 119A]." G. L. c. 119A, § 16(*a*)(1), as appearing in St. 1998, c. 64, § 177.

The DOR, as the IV-D agency, is empowered to notify the obligor owing a child support arrearage "that unless the obligor requests, within 30 days of the date of such notice, a hearing before the department, the IV-D agency may issue a final determination of delinquency," and thereupon "shall notify the licensing authority to suspend, revoke or prohibit issuance or renewal of the license of the obligor." *Id.* at § 16(*b*), as appearing in St. 1998, c. 64, § 177.

which could work to her detriment in the future, but no evidence of past injury traceable to breach of contract, statute of limitations in declaratory action did not begin to run).

4. *Declaration of rights.* Because we have before us the material documentary evidence, we are "in a position to decide the merits of the case." *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs,* 410 Mass. at 110.

The DOR argues that Naranjo was not entitled to a review or a hearing because he failed to attach to his request the appropriate supporting documents, citing G. L. c. 119A, §§ 6(*b*)(2) and 17, which require the submission of "sufficient documentation," § 6(*b*)(2), or "necessary information and documentation," § 17. The statutes do not specifically define what constitutes documentation that is either "necessary" or "sufficient." The DOR asserts that "necessary" documents are those described on the notices and forms provided to Naranjo, which prescribe, in essence, that only documents that establish that child support has been paid will suffice.[10]

This view fails to recognize that it is also a defense to payment that Naranjo was not properly served with the summons and complaint to establish paternity that was filed by the DOR on behalf of Rodriguez. See, e.g., G. L. c. 119A, § 16(*c*) (providing that improper service of warrant or summons is a defense; at hearing, the obligor shall be entitled to establish that "he was not properly served"). Naranjo's request for review of the notice informing him that he owed Rodriguez $77,149.75 for the support of his child with her was based on his claim that he was not properly served with the summons and complaint and he attached to his request his affidavit setting forth this defense. In the absence of a description of documents that the DOR would accept in support of this defense, we think Naranjo's affidavit constituted sufficient documentation entitling him

---

[10]As identified by the request for administrative review form that was supplied to Naranjo, such documentation consists of "[c]anceled checks or money orders; [c]hild support orders or modifications to them; [p]ay stubs that show monies withheld for child support; [l]etters from employers who have withheld wages from [his] salary in connection with income assignments; [r]eceipts for child support payments made in cash; or [a] letter from the court through which [his] child support is paid documenting the amount of [his] arrears." See notes 4, 6, and 7, *supra.*

to administrative review and hearing prior to the suspension of his licenses.

With respect to Naranjo's dispute regarding the amounts due to Juana, the DOR already had in its possession a copy of the divorce judgment, and had relied on this judgment to conclude that Naranjo owed Juana $75,782.36.[11] Naranjo's request for review was also supported by the divorce judgment. Under that judgment, Naranjo's child support obligation was subject to an automatic, annual adjustment that would have substantially reduced his child support payments during any period he was unemployed and without assets.[12] See *Naranjo* v. *Naranjo, ante* 256, 257 (2005). Naranjo's affidavit, attached to his request for review, explains that he is relying on this judgment to support his defense that he does not owe the arrearage.[13] This documentation was, in the circumstances, sufficient, and Naranjo was entitled to administrative review and hearing provided by G. L. c. 119A, §§ 6(*b*)(2) and 16(*b*)-(*c*).

Because we conclude that there is nothing in c. 119A that forecloses Naranjo's right to review and a hearing, "we need not reach [his] claim of a procedural due process right to a hearing under either the State or Federal Constitution." *Veksler* v. *Board of Registration in Dentistry,* 429 Mass. 650, 652 (1999).

*Conclusion.* We reverse the judgment dismissing Naranjo's complaint for declaratory relief. A new judgment shall enter

---

[11]It has not been made clear on the record or by the parties whether all or a portion of this claimed amount is in fact not being sought on Juana's behalf, but pursuant to the Commonwealth's right to subrogation on any transitional assistance monies that she received pursuant to G. L. c. 119A, § 3.

[12]The divorce judgment conforms to the intent of the statute, which calls for review and, if appropriate, modification of a support order in accordance with the child support guidelines "every three years, or more frequently, as the commissioner may by regulation determine." G. L. c. 119A, § 3B, inserted by St. 1998, c. 64, § 77. Because the provisions in the divorce judgment calling for annual adjustment are self-effectuating, they do not constitute retroactive modifications, which c. 119A prohibits "except with respect to any period during which there is pending a complaint for modification," and the obligee has notice of same. G. L. c. 119A, § 13(*a*), inserted by St. 1987, c. 714, § 1. See *Naranjo* v. *Naranjo, ante* 256, 259 (2005).

[13]In addition, Naranjo's affidavit states that he had an agreement with Juana regarding child support payments during the period of his incarceration. See *Naranjo* v. *Naranjo, supra* at 257.

declaring Naranjo's right to administrative review and hearing in accordance with this opinion, and for such other proceedings as may be appropriate to resolve Naranjo's claim for injunctive relief.

*So ordered.*