Rufo, Robert C., J.
The plaintiff, Town of Marion, Massachusetts (“the Town”), has brought the current action against the Massachusetts Housing Finance Agency (“MassHousing’j; Anna Medeiros, trustee of Bay Watch Realty Trust (“Medeiros”); and Well-Built Homes, Inc. In its verified complaint, the Town seeks a declaratory judgment pursuant to G.L.c. 231A that MassHousing’s eligibility determination for a proposed development in the Town and subsequent issuance of an eligibility determination letter to Bay Watch Realty Trust and Well-Built Homes, Inc. is void (Count I). The Town has also brought an action in the nature of certiorari pursuant to G.L.c. 249, §4 to quash MassHousing’s determination of eligibility (Count II). Also included in Count II is the Town’s request that this court enter a preliminary injunction to stay any decision of the Housing Appeals Committee pending this court’s decision in the present matter.[2] Currently before this court are MassHousing’s motion to dismiss the complaint for failure to state a claim upon which relief can be granted and Medeiros and Well-Built Homes, Inc.’s motion to dismiss. The court held a hearing on this matter on October 6, 2005.

*197
BACKGROUND

The Town’s complaint states the following facts, which are taken as true for the purposes of this motion. MassHousing is a quasi-governmental agency established by G.L.c. 23A, §§1-3. Defendant Medeiros is a trustee of Bay Watch Realty Trust, a real estate trust with its principal place of business in Fall River. Defendant Well-Built Homes, Inc. is a corporation with its principal place of business at the same location in Fall River. Bay Watch Really Trust and Well-Built Homes, 'Inc. are seeking a comprehensive permit pursuant to G.L.c. 40B, §§20-23 to construct 193 rental units on approximately 33 acres of land in the Town.
Pursuant to the Department of Housing and Community Development’s regulations (760 C.M.R. §31.01), before Bay Watch Realty Trust and Well-Built Homes, Inc. can submit a comprehensive permit application to the Town, they must first obtain a determination of project eligibility from a subsidizing agency, here, MassHousing. On June 14, 2001, Bay Watch Realty Trust filed an application for determination of project eligibility with Fall River Five Cents Savings Bank. Fall River Five Cents Savings Bank provided Bay Watch Realty Trust with a project eligibility letter, and in reliance on that letter, the Town’s Board of Appeals issued a comprehensive permit to Bay Watch Realty Trust, with conditions, approving 96 rental dwelling units.
On December 20, 2002, Bay Watch Really Trust appealed the Board of Appeals’ decision to the Housing Appeals Committee pursuant to G.L.c. 40B, §§20-23 and 760 C.M.R. §§30 and 31. On November 18, 2004, the presiding officer of the Housing Appeals Committee ruled that the hearings before the Committee were closed, and on November 22, 2004, the presiding officer issued an order declaring that the project eligibility letter approving the 96-unit plan was invalid.
On December 20, 2004, Bay Watch Really Trust and Well-Built Homes, Inc. submitted an application to MassHousing, seeking new project eligibility approval. OnFebruaiy3,2005, the Board ofSelectmen of the Town submitted comments on the application to MassHousing in accordance with 760 C.M.R §31.01(2)(d). On February 16, 2005, MassHousing issued a project eligibility letter to Bay Watch Realty Trust and Well-Built Homes, Inc., and the letter stated that the project proposal, for “192 units of rental housing on an approximately 33-acre site,” was eligible for funding from MassHousing. The Town now argues that the project eligibility letter for the 192-unit proposal (“the 192-unit letter”) fails to comply with the requirements of760 C .M. R. §31.01, and is arbitrary and capricious.

DISCUSSION

The Town’s complaint seeks a declaratory judgment that the 192-unit letter is void, and seeks to quash MassHousing’s eligibility determination through a certiorari action. Also, because the Town believes that it is unlikely that this court will render a decision in the instant case before the Housing Appeals Committee decides the Town’s previous appeal, it asks this court to enter a preliminary injunction to enjoin the defendants from relying on the project eligibility letter.
MassHousing has filed a motion to dismiss the Town’s complaint pursuant to Mass.R.Civ.P. 12(b)(6) and 12(b)(1), and argues that the Town does not have subject matter jurisdiction to bring these claims, and further, cannot establish facts sufficient to support its claims. Specifically, MassHousing contends that the Town cannot challenge MassHousing’s findings contained in the 192-unit letter because there is no statutory vehicle by which the Town, or anyone else, can challenge MassHousing’s preliminary eligibility determinations.
Medeiros and Well-Built Homes, Inc. have also filed a motion to dismiss. In it, they reiterate MassHousing’s arguments concerning standing, and also repeat MassHousing’s contention that there is no procedure under G.L.c. 40B by which a town can challenge a developer’s receipt of a project eligibility letter. Medeiros and Well-Built Homes, Inc. also argue that the Town’s complaint is an improper attempt to circumvent the proper method of review for claims such as these, which is currently pending before the Housing Appeals Committee.

I. 12(b)(6) Standard

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985).

II. Declaratory Judgment (Count I)

“A complaint for declaratory relief filed in Superior Court is the proper vehicle for challenging the legality of an administrative action ‘even though such action is neither an "adjudication" nor the promulgation of a “rule,” ’ so long as the prerequisites to bringing a declaratory judgment action are met." Naranjo v. Dept. of Revenue, 63 Mass.App.Ct. 260, 266 (2005), quoting Haverhill Manor, Inc. v. Commissioner of Pub. Welfare, 368 Mass. 15, cert. denied, 423 U.S. 929 (1975) (other citations omitted). Among the prerequisites that a declaratory judgment plaintiff must establish are: “... that (1) there is an actual controversy; (2) he has standing; (3) necessary parties have been joined; and *198 (4) available administrative remedies have been exhausted.” Naranjo, 63 Mass.App.Ct. at 267, citing Villages Dev. Co. v. Secretary of the Executive Office of Envtl. Affairs, 410 Mass. 100, 106 (1991).
The Town does not deny that it has failed to exhaust its administrative remedies, rather, it argues that because the record in an administrative appeal of a Housing Appeals Committee decision to the Superior Court pursuant to G.L.c. 30A includes only the proceedings before the agency, if the Housing Appeals Committee has made no inquiry into the validity of a project eligibility determination, the Superior Court will have no factual basis to review the letter and the issue will not be addressed. Further, the Town argues that because the funding eligibility letter was issued after the comprehensive permit had been issued and after the Housing Appeals Committee hearings were closed, there are no further administrative proceedings in this case whereby the Town could add evidence to the administrative record concerning the project eligibility letter, and any review by the Superior Court pursuant to G.L.c. 30A would be incomplete.
The Town’s argument demonstrates a misunderstanding of the scope of review in a G.L.c. 30A appeal. Under G.L.c. 30A, the Superior Court is given jurisdiction to review a final agency decision. A low-income housing development project plan is not final until a comprehensive permit is issued, and project fundability approval is only one step in the permitting process. 760 C.M.R. §31.01.[3] Thus, if a challenge were brought upon the issuance of such a permit, the Superior Court would be required to look at all of the permitting requirements, and determine if the decision to issue a permit was “arbitrary, capricious, or contrary to law,” Atlanticare Med. Ctr. v. Comm’r of Div. of Med. Assistance, 439 Mass. 1, 5 (2003), or was unsupported by substantial evidence. Fisch v. Bd. of Registration in Medicine, 437 Mass. 128, 131 (2002). The court’s inquiry under the substantial evidence test “is limited to a determination of whether, within the record developed before the administrative agency, there is such evidence as a reasonable mind might accept as adequate to support the agency’s conclusion.” Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n., 401 Mass. 713, 721 (1988). No such record has been compiled before the administrative agency in this case. As was previously discussed, the Town’s appeal of the density specifications contained in the eligibility letter is currently pending before the Housing Appeals Committee. If the Town is unsatisfied with the outcome of this appeal, it can appeal the Housing Appeals Committee’s decision to the Superior Court under G.L.c. 30A pursuant to G.L.c. 40B, §§17 and 22.
An administrative appeal pursuant to G.L.c. 30A, §14(7) (d) is the Town’s appropriate avenue to seek relief from an agency decision which it claims was based on improper procedures. If, as the Town contends, the Housing Appeals Committee improperly refused to reopen the hearings and hear additional evidence concerning the comprehensive permit process, the reviewing court would then be permitted to take testimony pursuant to G.L.c. 30A, §14(5). Under this section of the Administrative Procedures Act, if the Housing Appeals Committee’s decision to end the hearings and foreclose the Town from questioning the validity of the project eligibility letter constitutes a procedural irregularity, then any facts which the Town now argues were improperly excluded from the record before the Housing Appeals Committee could be put before the Superior Court.
Because these available administrative remedies have not been exhausted, the Town cannot demonstrate an essential element of their declaratory judgment claim, and this count of the complaint is properly dismissed.

III. Certiorari (Count II)

Pursuant to G.L.c. 249, §4, “the requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review.” Williams Auto Elec. Services, Inc. v. Hebert, 63 Mass.App.Ct. 182, 186 (2005), quoting Cumberland Farms, Inc. v. Planning Bd. of Bourne, 56 Mass.App.Ct. 605, 607 (2002); Boston Edison Co. v. Selectmen of Concord, 355 Mass. 79, 83 (1968). In sum, “(c]ertiorari is a limited procedure which may be used to correct substantial errors of law committed by a judicial or quasi-judicial tribunal (but not administrative, political, or legislative decisions).” St. Botolph Citizens Committee v. Boston Redevelonment Auth., 429 Mass. 1, 7 (1999).
The Town has failed to demonstrate any of these requisite elements. MassHousing’s decision to issue a funding eligibility letter for the higher density development was not the outcome of a judicial or quasi-judicial proceeding, and neither the defendants’ nor the Town’s rights were finally adjudicated in the letter. As discussed previously, the Town also has an adequate remedy by appeal to the Housing Appeals Committee. For these reasons, the Town cannot demonstrate a substantial injury which would warrant certiorari review by this court. As such, the defendants’ motion to dismiss this count of the complaint will be allowed.

IV. Preliminary Injunction (Count II)

“To succeed in an action for a preliminary injunction, a plaintiff must show (1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the plaintiffs likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction.” Tri-Nel Mgmt. v. Board of Health, 433 Mass. 217, 219 (2001), citing Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). Here, it is unlikely *199 that the Town can demonstrate that it is likely to succeed in a challenge to the merits of MassHousing’s funding eligibility letter. It is difficult to discern what “merits” are present in a letter which merely states that a project could be eligible for funding. Moreover, since the letter merely purports to state that a proposed project could be funded by MassHousing, and not that any such project is approved, it is unlikely that the Town could demonstrate that any irreparable harm could result if the injunction were denied. Because the Town has not demonstrated that it is entitled to a preliminary injunction under the applicable standard, the defendants’ motion to dismiss this claim is allowed.

ORDER

It is hereby ORDERED that the Defendant Massachusetts Housing Finance Agency’s Motion to Dismiss and Defendant Medeiros and Well-Built Homes, Inc.’s Motion to Dismiss the Town of Marion’s complaint is ALLOWED.

 The Town appealed the density specifications contained in the eligibility letter to the Housing Appeals Committee.

 The developer seeking a comprehensive permit is also required to demonstrate that it is a public agency or a limited dividend organization, and the developer must control the site. 760 C.M.R. §31.01. The developer can submit a project fundability letter to satisfy the third requirement, that a project is eligible for funding under a state or federal low-income housing program.