TOWN OF MARION *vs*. MASSACHUSETTS HOUSING FINANCE
AGENCY & others.[1]

No. 05-P-1848.

Plymouth. January 4, 2007. - February 12, 2007.

Present: RAPOZA, C.J., DREBEN, & MEADE, JJ.

*Housing. Massachusetts Housing Finance Agency. Practice, Civil,* Declaratory
proceeding, Relief in the nature of certiorari, Attorney's fees. *Administra-
tive Law,* Judicial review, Exhaustion of remedies.

In a civil action brought by a town against a housing finance agency for
declaratory judgment and relief in the nature of certiorari, the town failed
to state a claim upon which relief could be granted, where the town had
failed to exhaust all of its administrative remedies [210-211], and where
the issuance by the agency of a determination that a developer was eligible
for funding was not a judicial or quasi judicial action [211-212].

This court declined to award double costs and attorney's fees in an appeal that
was not frivolous. [212]

CIVIL ACTION commenced in the Superior Court Department on
March 24, 2005.

Motions to dismiss were heard by *Robert C. Rufo*, J.

*Jonathan D. Witten* (*Barbara M. Huggins* with him) for the
plaintiff.

*Paul D. Wilson* for Massachusetts Housing Finance Agency.

*David J. Gallagher* for Anna Medeiros & another.

MEADE, J. The town of Marion (town), in connection with the
proposed construction of a G. L. c. 40B affordable housing
project, filed a complaint in Superior Court which sought a
declaratory judgment and relief in the nature of certiorari. In its
complaint, the town challenged the Massachusetts Housing
Finance Agency's (MHFA) determination of the funding eligibil-

---

[1]Anna Medeiros, as trustee of Bay Watch Realty Trust, and Well-Built
Homes, Inc.

ity of the project, a preliminary step to obtaining a comprehensive permit. Because the town had an adequate remedy that it failed to exhaust, a judge of the Superior Court dismissed the complaint.[2] From that dismissal, the town has appealed. We affirm.

Well-Built Homes, Inc., and Anna Medeiros, as trustee of Bay Watch Realty Trust (together, Well-Built), planned to construct a 192-unit rental development in the town, pursuant to the Low and Moderate Income Housing Act, G. L. c. 40B, §§ 20-23. In June, 2001, Well-Built applied to Fall River Five Cents Savings Bank (bank) for a written determination of project eligibility (eligibility determination) in connection with their proposed construction project. Under 760 Code Mass. Regs. § 31.01 (2004), a determination of project eligibility by a subsidizing agency must issue before an applicant may request a comprehensive permit. This determination may take the form of an eligibility letter. Such a determination does not guarantee funding or secure a comprehensive permit; at best, it creates a presumption that the project is eligible for funding. See 760 Code Mass. Regs. § 31.01(2) (2004).

Upon receiving an eligibility determination from the bank, Well-Built applied to the town's zoning board of appeals (ZBA) for a comprehensive permit. The ZBA issued a permit to Well-Built for one-half of the requested number of housing units, and Well-Built appealed to the Housing Appeals Committee (HAC) pursuant to G. L. c. 40B, § 21. The HAC invalidated the bank's eligibility determination and ordered Well-Built to obtain a new project eligibility letter.

In December, 2004, Well-Built submitted an application to MHFA, an independent agency that may determine project eligibility and issue eligibility determinations for projects proposed under G. L. c. 40B, §§ 20-23. See St. 1966, c. 708, § 3, as amended through St. 1996, c. 204, §§ 43, 44. The town submitted comments to MHFA opposing the project's eligibility on February 3, 2005. In spite of the town's opposition, MHFA issued to Well-Built an eligibility determination for up to 192 units on February 16, 2005, and the town again sought review by the HAC.

---

[2]The judge also denied the town's request for an injunction; that decision is not before us on appeal.

On March 24, 2005, while review was still pending before the HAC, the town filed a complaint in Superior Court seeking to invalidate MHFA's eligibility determination through declaratory relief or certiorari. On October 25, 2005, a judge in the Superior Court dismissed the town's complaint pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The town appeals from that judgment of dismissal.

*Declaratory judgment.* As the motion judge correctly noted, an administrative decision may be challenged through a declaratory judgment action in Superior Court only when "the prerequisites to bringing a declaratory judgment action are met." *Naranjo* v. *Department of Rev.*, 63 Mass. App. Ct. 260, 266 (2005). Those prerequisites include (1) an actual controversy; (2) standing; (3) joinder of all necessary parties; and (4) the exhaustion of available administrative remedies. *Id.* at 267, citing *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs*, 410 Mass. 100, 106 (1991).

Citing the town's then-ongoing appeal to the HAC, and the availability of review of the HAC's final decision pursuant to G. L. c. 30A, the motion judge found the last of these prerequisites lacking.[3] "As a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for an administrative remedy." *Space Bldg. Corp.* v. *Commissioner of Rev.*, 413 Mass. 445, 448 (1992), citing *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs*, *supra* at 106, and *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination*, 364 Mass. 444, 450 (1973).[4]

Describing the eligibility determination as "only one step in the permitting process," the motion judge explained that the ap-

---

[3]On December 5, 2005, shortly after the town filed its notice of appeal in this case, the HAC issued a comprehensive permit to Well-Built. Currently pending in Superior Court is the town's complaint pursuant to G. L. c. 30A, § 14, which challenges the HAC's decision to issue the permit. No issue related to that action is before us.

[4]The town's complaint does not fall within one of the rare exceptions to this general rule reserved for particularly novel or recurrent issues, decisions of public significance, or issues that involve merely questions of law. See *Space Bldg. Corp.* v. *Commissioner of Rev.*, *supra* at 448; *Balcam* v. *Hingham*, 41 Mass. App. Ct. 260, 266-267 (1996). The town does not claim otherwise.

propriate avenue for challenging the validity of the eligibility letter was through the HAC, and subsequently by review pursuant to G. L. c. 30A. We agree. At the time of the Superior Court judge's decision, the HAC had not made a final decision regarding the issuance of a comprehensive permit. In that respect, the procedural posture of the case was similar to that in *Walpole* v. *Secretary of the Executive Office of Envtl. Affairs*, 405 Mass. 67 (1989). In *Walpole*, a town complained of the propriety of a draft report issued during the process of securing a permit for a sludge management project. The Supreme Judicial Court held that because the report was merely an interim step in the administrative process, the town had not exhausted its administrative remedies. *Id.* at 71-72.

The validity of MHFA's eligibility determination did not automatically secure the HAC's approval of a comprehensive permit, and indeed the HAC had reversed the previous determination by the bank. Rather, the funding eligibility determination is merely an interim step in the administrative process. See *Walpole* v. *Secretary of the Executive Office of Envtl. Affairs*, *supra* at 72.[5] Unless and until administrative remedies were exhausted, no aggrieved party could properly have sought declaratory relief in Superior Court.

*Certiorari.* Under G. L. c. 249, § 4, the "requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." *Williams Auto Elec. Servs., Inc.* v. *Hebert*, 63 Mass. App. Ct. 182, 186 (2005), quoting from *Cumberland Farms, Inc.* v. *Planning Bd. of Bourne*, 56 Mass. App. Ct. 605, 607 (2002).

The dismissal of the town's claim for certiorari was appropriate because the issuance of an eligibility determination by MHFA was not a judicial or quasi judicial action. See *Warren* v. *Hazardous Waste Facility Site Safety Counsel*, 392 Mass. 107,

---

[5]Finally, as the town acknowledged at oral argument, such a letter from MHFA was not required for a comprehensive permit to issue; Well-Built was free to pursue other means of proving to the HAC the feasibility of funding the project. See 760 Code Mass. Regs. § 31.01(1)(b) (2004) (requiring only that the "project shall be fundable by a subsidizing agency under a low and moderate income housing subsidy program").

117 (1984); *Walpole* v. *Secretary of the Executive Office of Envtl. Affairs,* 405 Mass. at 72-73. Further, as discussed above, an alternative and reasonably adequate remedy exists for the town: review of the HAC decision by the Superior Court through G. L. c. 30A. Indeed, the town has initiated pursuit of that remedy. The judge did not err in dismissing the town's request for relief in the nature of certiorari.

*Request for attorney's fees and costs.* MHFA seeks double costs and attorney's fees pursuant to Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), and G. L. c. 211A, § 15.[6] We may award appellate attorney's fees when we determine that an appeal is frivolous. See *Masterpiece Kitchen & Bath, Inc.* v. *Gordon,* 425 Mass. 325, 329 (1997); *Allen* v. *Batchelder,* 17 Mass. App. Ct. 453, 457-458 (1984). Although we are unpersuaded by the town's novel arguments, we decline to find them frivolous as to warrant an award of attorney's fees and costs to MHFA. See *Avery* v. *Steele,* 414 Mass. 450, 455 (1993), citing *Shahzade* v. *C.J. Mabardy, Inc.,* 411 Mass. 788, 797 n.8 (1992). See also *Symmons* v. *O'Keeffe,* 419 Mass. 288, 303 (1995) ("We are hesitant to deem an appeal frivolous and grant sanctions except in egregious cases").

*Conclusion.* For the foregoing reasons, we affirm the judgment of the Superior Court dismissing the town's complaint. Furthermore, we deny MHFA's request for attorney's fees and costs.

*Judgment of dismissal affirmed.*

---

[6]Well-Built does not seek fees or costs.