14-3991-cv
Bruno v. Casella Waste Systems, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
REENA RAGGI,
    *Circuit Judges.*

--------------------------------------------------------------------------

JAMES R. BRUNO,

    *Plaintiff-Appellant*,

   v.              No. 14-3991-cv

CASELLA WASTE SYSTEMS, INC.,

    *Defendant-Appellee*.

--------------------------------------------------------------------------

APPEARING FOR APPELLANT:   RICHARD A. COHEN, Cohen & Cohen LLP, Utica, New York.

APPEARING FOR APPELLEE:   GEORGE W. MYKULAK (Felicia H. Ellsworth, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 29, 2014, is AFFIRMED.

Plaintiff James Bruno appeals from the dismissal of his Amended Complaint as time-barred under Massachusetts law. Bruno contends that the district court erred in applying the state's six-year statute of limitations for breach of contract claims to this action, which seeks a declaratory judgment regarding the parties' rights under an Escrow Agreement executed in 1998 (the "Escrow Agreement"). We review both the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) and the district court's application of a statute of limitations de novo. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 148 (2d Cir. 2012).[1] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Upon review of the record and relevant law, we conclude that Bruno's action is time-barred substantially for the reasons set forth in the district court's well-reasoned Decision and Order. See Bruno v. Casella Waste Sys., Inc., No. 13-CV-1396(LEK), 2014 WL 4826793 (N.D.N.Y. Sept. 29, 2014). In urging otherwise, Bruno argues that the six-year statute of limitations for contract actions does not bar this action because he does not allege that the Escrow Agreement was breached. Rather, he seeks a judgment

---

[1] Although the district court stated that it was granting defendant's motion to dismiss under Rule 12(b)(7) (permitting dismissal of complaint based on the "failure to join a party under Rule 19"), its opinion makes clear that dismissal was based on the statute of limitations under Rule 12(b)(6). See Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.").

2

declaring that, under the Escrow Agreement, he is entitled to the release of stock currently held in escrow. We are not persuaded.

Under Massachusetts law, "declaratory procedure cannot be employed to circumvent statutes of limitations." Page v. LeRoux, 43 Mass. App. Ct. 708, 712, 685 N.E.2d 1205, 1207 (Mass. App. Ct. 1997) (quoting Second Church in Dorchester v. Boston, 343 Mass. 477, 479 n.2, 179 N.E.2d 598, 600 n.2 (1962)).[2] Here, Bruno's action—which alleges that defendant's November 13, 2001 and October 27, 2003 notices of claim against the escrow account were deficient under the Escrow Agreement, and that Bruno is therefore entitled to a release of his escrow shares under that Agreement—is, in

---

[2] Although Bruno's Amended Complaint does not identify the statutory basis for seeking declaratory judgment, the parties agree that Massachusetts law applies under the Escrow Agreement. See Escrow Agreement § 14(a). Nor does Bruno dispute defendant's characterization of this declaratory judgment action as arising under the Massachusetts Declaratory Judgment Act. See Mass. Gen. Laws ch. 231A, § 1.

   Courts in this Circuit and elsewhere, however, have concluded that the federal Declaratory Judgment Act, see 28 U.S.C. § 2201, rather than an otherwise applicable state declaratory judgment act, governs in diversity actions under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). See Häagen-Dazs Shoppe Co. v. Born, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995) (stating that "[federal] Declaratory Judgment Act is procedural under Erie, and therefore must be applied by this Court in determining whether this declaratory judgment action should be stayed or dismissed" (collecting cases)); see also Tocci Bldg. Corp. v. Va. Sur. Co., 750 F. Supp. 2d 316, 320 n.2 (D. Mass. 2010) (concluding that, because "declaratory judgment action is procedural only[,] . . . justiciability of [plaintiff's claim] is properly considered under the federal Declaratory Judgment Act, rather than under Massachusetts' Declaratory Judgment Act" (internal citation omitted)). We need not reach that issue here because the parties do not raise it and, in any event, analyzing Bruno's claim under § 2201 would not alter our conclusion that his action is untimely. See 118 East 60th Owners, Inc. v. Bonner Props., Inc., 677 F.2d 200, 202 (2d Cir. 1982) ("When the declaratory judgment sought by a plaintiff would declare his entitlement to some affirmative relief, his suit is time-barred if the applicable limitations period has run on a direct claim to obtain such relief. What determines the applicable limitations period is the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Act had not been adopted." (internal quotation marks and citation omitted)).

substance, a contract action. See Am. Compl. ¶¶ 15–17. Accordingly, the Massachusetts six-year statute of limitations applies, see Mass. Gen. Laws ch. 260, § 2 ("Actions of contract . . . shall . . . be commenced only within six years next after the cause of action accrues."), and Bruno cannot circumvent that limitations period by characterizing his action as one for a declaratory judgment.

In urging otherwise, Bruno contends that there was no breach from which the six-year statute of limitations for contract actions could run. See Naranjo v. Dep't of Revenue, 63 Mass. App. Ct. 260, 268, 825 N.E.2d 1051, 1058 (Mass. App. Ct. 2005) (holding that "a statute of limitations is not operative until an actual controversy has arisen between the parties creating a right to secure a judicial declaration pursuant to [the Massachusetts Declaratory Judgment Act]" (quoting Page v. LeRoux, 43 Mass. App. Ct. at 712, 685 N.E.2d at 1207)). The argument fails because there is no genuine dispute that the controversy at issue arose when the escrow shares were not released to Bruno in November 2003, as required by the Escrow Agreement, presumably based on defendant's notices of claim. See Escrow Agreement § 5(a) (providing that no later than "five business days" after specific escrow termination date, escrow agent "shall distribute" escrow shares unless "a Claimant has previously given a Claim Notice which has not then been resolved"). The district court therefore did not err in concluding that this action, which was commenced almost ten years after the November 2003 distribution date, was barred by the applicable six-year statute of limitations.[3]

---

[3] Because we affirm on this ground, we need not reach defendant's alternative grounds for affirmance.

We have considered Bruno's remaining arguments and conclude that they are without merit. Therefore, the district court's judgment of dismissal is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court