NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-657

RAYAN TOBY

vs.

ALLIED UNIVERSAL SECURITY SERVICES.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After at least four previous lawsuits relating to the same incident were dismissed,[2] the plaintiff filed a fifth complaint

---

[1] The plaintiff refers to the defendant as "Allied Universal Security Services" in his complaint, while the defendant identifies itself as "Universal Protection Services, LLC," doing business as "Allied Universal Protection Services."  As is our custom, we set forth the parties' names as they appear in the complaint.

[2] (1) Toby vs. Delhaize, Suffolk Sup. Ct., No. 2184CV00620-H (Jan. 3, 2022 and May 31, 2022) (defendant's motion to dismiss allowed in part and finding that plaintiff had not been assaulted; defendant's motion for summary judgment allowed as to remaining claims); (2) Toby vs. Delhaize, Plymouth Sup. Ct., No. 2283CV00415C (dismissed on basis of improper venue/jurisdiction); (3) Toby vs. Jones, Suffolk Sup. Ct., No. 2284CV01734 (October 26, 2022) (defendant's motion to dismiss granted because, among other reasons, court lacked personal jurisdiction over defendant); (4) Toby vs. Stop & Shop, Suffolk Sup. Ct., No. 2284CV01735 (October 18, 2022) (dismissed on collateral estoppel grounds).

on February 6, 2024, arising from the same incident, alleging that a security officer working for the defendant, Allied Universal Security Services ("AUSS"), assaulted him and caused him pain, suffering, and emotional distress.[3] On March 8, 2024, a different judge of the Superior Court granted the defendant's motion to dismiss.  On appeal, the defendant argues that the judge erred in dismissing the case because, inter alia, he produced sufficient evidence demonstrating that an AUSS security guard assaulted him.  We affirm.

Background.  On March 14, 2021, the plaintiff was grocery shopping at Stop & Shop.  The plaintiff grew concerned about catching coronavirus while at the store and made efforts to distance himself from other patrons.  The plaintiff began to use his cellphone to record store employees and customers who were not adhering to the COVID-19 social distancing guidelines and were coming within six feet of him.  An AUSS security officer approached the plaintiff and removed him from the store.  In removing the plaintiff, the plaintiff alleges that the officer grabbed him by his clothing and forcibly pushed and shoved him

---

[3] Six days later, on February 12, 2024, a judge of the Superior Court, addressing several unrelated actions the plaintiff also had commenced, entered a serial and vexatious litigant order, noting the plaintiff's "pattern of bringing frivolous suits" that "pose an undue burden on court resources."

2

out of the store.  No criminal charges resulted from this incident.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 17 (2018).  To survive a motion to dismiss, the complaint must be "more than labels and conclusions," Cannata v. Mashpee, 496 Mass. 188, 191 (2025), and go beyond a "formulaic recitation of the elements of a cause of action" (citations omitted).  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  Although the complaint does not necessarily require "detailed factual allegations," it must contain enough to "raise a right to relief above the speculative level" when "assessed on the assumption that all the allegations in the complaint are true" (quotations and citation omitted). Cannata, supra.

The defendant makes several arguments as to why the judge erred in allowing the defendant's motion to dismiss, all of which are based on the allegation that a security officer working for the defendant assaulted him.  All of these claims are barred by res judicata.

The doctrine of res judicata is based on the principle that once a claim has been litigated and decided, public policy,

3

considerations of fairness and the requirements of efficient judicial administration entitle an opposing party, and the court, to be free from attempts of a party to relitigate the same claim. See DeGiacomo v. Quincy, 476 Mass. 38, 41-42 (2016). Res judicata refers to claim preclusion and issue preclusion, the latter of which applies here. See id. at 41. "Issue preclusion prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or [parties in privity with the same parties]" (citations and quotations omitted). Brookline v. Alston, 487 Mass. 278, 298 (2021). "A party is precluded from relitigating an issue where (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication, was essential to the earlier judgment, and was actually litigated in the prior action" (citations and quotations omitted). Id.

Here, a Superior Court order, dated May 31, 2022, allowing summary judgment against the plaintiff satisfies all of these elements. The order, which dismissed the plaintiff's charge of civil assault against the AUSS security guard at the center of

4

his allegations, was a final judgment against the plaintiff and determined the exact issue underlying all the plaintiff's claims here -- whether an AUSS security officer assaulted the plaintiff. The judge concluded that "the evidence of record permits no reasonable inference that [the security officer officer] assaulted [the plaintiff] in any fashion cognizable under Massachusetts tort law," which was dispositive of the plaintiff's claim. Further, a review of the record demonstrates that in opposing summary judgment, the plaintiff had the opportunity to fully litigate the issue. See Jarosz v. Palmer, 436 Mass. 526, 531-532 (2002) (issue "actually litigated" when issue "was subject to an adversary presentation and consequent judgment that was not a product of the parties' consent" [citations and quotations omitted]). The plaintiff, in his brief, fails to address the preclusive effect of his earlier cases and the May 31, 2022 judgment entered by the Superior Court judge. Because all the elements of issue preclusion are met, the plaintiff's arguments on appeal -- directed solely to the merits of his claims -- fail.

Asserting that this appeal is frivolous, the defendant has requested appellate attorney's fees and costs. We agree. See Marion v. Massachusetts Hous. Fin. Agency, 68 Mass. App. Ct. 208, 212 (2007) ("We may award appellate attorney's fees when we

5

determine that an appeal is frivolous").  Consistent with the procedure set out in <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004), the defendant may submit an application for attorney's fees and costs, with supporting documentation, to this court within fourteen days of the date of rescript.  The plaintiff shall have fourteen days thereafter to respond.

<u>Judgment of dismissal affirmed</u>.

By the Court (Henry, Smyth & Toone, JJ.[4]),

Clerk

Entered:  September 23, 2025.

---

[4] The panelists are listed in order of seniority.